TEXAS & NEW ORLEANS RAILROAD COMPANY V.
BEATRICE COMPTON.

No. 7173. Decided February 28, 1940.
Rehearing overruled May 1, 1940.
(136 S. W., 2d Series, 1113.)

8

*Baker, Botts, Andrews & Wharton,* of Houston, and *Armstrong, Cranford, Barker & Bedford* and *W. E. Cranford,* all of Galveston, for plaintiff in error.

Under all the evidence in the case, the railroad crossing where the collision took place was not an extra hazardous nighttime crossing so as to require the railroad company to light its trains and cars, or to equip said crossing with signal bells, crossing signs or lights, or with a watchman, and the evidence further showing that there was a sign at said crossing, and that the whistle was blown and the bell was rung upon the train entering the crossing, and that said railroad company had complied with the statutory requirements for the protection of those using said crossing the company was not guilty of negligence. Missouri, K. & T. Ry. Co. v. Magee, 92 Texas 616, 50 S. W. 1013; Wichita Valley Ry. Co. v. Fite, 78 S. W. (2d) 714; St. Louis & S. W. Ry. Co. v. Kay & Co., 85 Texas 558, 22 S. W. 665.

*Stewarts, Noble Carl, Bryon Economidy,* all of Galveston, and *H. J. Rayl* and *C. E. Loeb,* both of New Orleans, La.

The failure of the railroad company to erect a proper danger sign at the intersection and its negligence in failing to blow the whistle, ring the bell and have its cars properly lighted to

warn travelers that might want to use the crossing while the train was passing, was negligence per se, on the part of said company. Chicago, R. I. & G. Ry Co. v. Johnson, 101 Texas 422, 108 S. W. 964; Galveston, H. & S. A. Ry. Co. v. Wells, 121 Texas 310, 50 S. W. (2d) 247; Missouri Pac. Ry. Co. v. Lee, 70 Texas 496, 7 S. W. 857.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

This suit was brought by Mrs. Beatrice Compton against Texas & New Orleans Railroad Company for damages sustained by her on account of the death of her husband, Charles Compton. The trial court peremptorily instructed a verdict that she take nothing and rendered judgment accordingly. The Court of Civil Appeals at Galveston, by a majority opinion, reversed the trial court's judgment and remanded the cause. 96 S. W. (2d) 239.

The material facts are few. About one o'clock at night Grover Carrington left Texas City in his automobile for Galveston. Charles Compton and others accompanied him on the trip. The night was dark and foggy and the visibility was poor. A few miles from Texas City the automobile ran into a slowly moving freight train and Compton's death resulted from the collision. The highway ran over a flat prairie country, and in the vicinity of the intersection there were no trees, houses or other obstructions to the view. The highway and railroad track crossed at right angles. The train consisted of 87 cars, and the automobile struck the sixtieth car from the engine. The train was moving eight or ten miles per hour and the automobile much faster.

1   One ground of negligence relied upon was the alleged failure of the employees of the railroad company to ring the bell and sound the whistle on the locomotive when approaching the crossing, as required by R. S. Art. 6371. The positive testimony of the railroad's witnesses was that the whistle was blown and the bell rung in accordance with the requirements of the statute. The only testimony to the contrary was that given by Grover Carrington, the driver of the automobile, and Bertha Thomas, another occupant thereof, who testified, in substance and effect, that they would have heard the whistle and bell, had they been sounded, but they were not sounded. The train was moving not faster than ten miles per hour. At the time of the collision the locomotive was more than one-half mile distant

from the intersection. It had crossed the intersection at least three minutes before that time. The automobile was traveling not less than thirty miles per hour and it must have been more than one and one-half miles distant from the intersection at the time the locomotive passed over the same. Under these circumstances and surroundings, the testimony of these witnesses amounted to no more than a mere surmise or suspicion. It was at most but a scintilla of evidence that these warnings were not given, and the scintilla doctrine is not recognized by this court. Joske v. Irvine, 91 Texas 574, 44 S. W. 1059.

2  Another ground relied upon was the failure of the railroad company to use extraordinary means to give warning, such as to equip its freight cars with lights and have same burning at night, to equip its crossing with signal bells or lights or to have a watchman stationed thereat. Negligence cannot be based upon such omissions, for the crossing was not extra hazardous and therefore no duty was cast upon the railroad company to observe these extraordinary precautions. It would be difficult to conceive of a railroad crossing at which the hazards would be more obvious than at this one.

3, 4  Another ground of negligence relied upon was the claimed failure of the railroad company to equip the crossing with a warning sign as required by R. S. Art. 6370. That article reads as follows:

"Such corporation shall erect at all points where its road shall cross any first or second class public road, at a sufficient elevation from such public road to admit of the free passage of vehicles of every kind, a sign with large and distinct letters placed thereon, to give notice of the proximity of the railroad and warn persons of the necessity of looking out for the cars; and any company neglecting or refusing to erect such signs shall be liable in damages for all injuries occurring to persons or property from such neglect or refusal."

Practically all of the evidence in the record is to the effect that such a sign was at the crossing in question at the time of this accident, but there is sufficient evidence to the contrary to raise a fact issue. Since a peremptory instruction was given in favor of the railroad company, for the purpose of deciding the question under review, we must assume that the required sign was not there, and that the railroad company was therefore negligent as a matter of law. The inquiry is thus narrowed down to the question of whether an issue of fact was raised on the supporting issue of proximate cause. Under the authorities it must be held as a matter of law, that the negligence of the

railroad company in this regard was not the proximate cause of the death of Charles Compton. This precise question was before the Court of Civil Appeals at San Antonio in the case of Texas & New Orleans Railroad Company v. Stratton, 74 S. W. (2d) 741. In that case there was a jury finding that such negligence was the proximate cause of the injuries complained of, but notwithstanding the verdict judgment was rendered on appeal that the plaintiff take nothing. It was held that, as a matter of law, the absence of the warning sign was not the proximate cause of the injuries. The court reasoned that if travelers on the highway could not see the moving cars ahead of him, they could not have seen the sign. The same holding was made by the same court in two other cases, growing out of the same accident. Texas & New Orleans Railroad Company v. Stratton, 74 S. W. (2d) 746; Texas & New Orleans Railroad Company v. Berry, 74 S. W. (2d) 750. Applications for writs of error were prosecuted in all three of these cases and all were refused. We have inspected these applications and find that the question here under review was squarely presented to this court for decision. By refusing the applications in those cases this court put its stamp of approval upon such holding. We perceive no ground of distinction between those cases and the instant case. So nearly are the facts the same that to hold that an issue of fact was raised in this case would be to overrule the decisions in those cases. The trial court, in directing a verdict herein, followed the law as announced in those opinions, and it must be held, therefore, that its judgment should not have been reversed by the Court of Civil Appeals.

The conclusion announced in the Stratton case was later announced in the case of Wichita Valley Ry. Co. v. Fite, 78 S. W. (2d) 714, although the judgment in that case was based on contributory negligence. Like conclusions upon strikingly similar facts have been announced by eminent courts of other jurisdictions in, among others, the following cases: Morley v. Cleveland C. C. & St. L. R. Co., 100 Ind. App., 515, 194 N. E. 806; McGlaufkin v. Boston & M. R. R., 230 Mass. 431, 119 N. E. 955, L. R. A. 1918E; Crosby et al v. Great Southern Ry. Co., 187 Minn., 263, 245 N. W. 31; Missouri Pacific R. Co. v. Price, 182 Ark. 801, 33 S. W. (2d) 366.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court February 28, 1940.

Rehearing overruled May 1, 1940.