**TEXAS & N. O. R. CO. v. SKEEN.**

**No. 3826.**

Court of Civil Appeals of Texas. Beaumont.
March 26, 1941.

Rehearing Denied April 9, 1941.

Baker, Botts, Andrews & Wharton and Woodul, Arterbury & Folk, all of Houston, and M. M. Feagin, of Livingston, for appellant.

Allen, Helm & Jacobs, of Houston, and Campbell & Foreman, of Livingston, for appellee.

WALKER, Chief Justice.

On the 20th day of February, 1938, at the crossing of Central street and the railroad tracks of appellant, Texas and New Orleans Railroad Company, in Manchester addition of the City of Houston, appellee, L. E. Skeen, drove his automobile into the side of one of appellant's freight cars as it moved over the crossing. This suit was filed by appellee against appellant in Polk county for damages for the personal injuries suffered by him in the collision. The case is on our docket on appellant's appeal from the judgment rendered against it on the verdict of the jury, answering special issues assessing appellee's damages at $13,000.

Appellant's first point is that appellee, as a matter of law, on the undisputed evidence, was guilty of contributory negligence. All issues of contributory negligence plead against appellee and submitted by the court's charge to the jury were found in appellee's favor. The following facts, which have support in the evidence, deny appellant's proposition. Central street was paved with tarvia. Beginning back about 35 feet, appellant's track rose to an elevation at the crossing of more than 2 feet. The night was very foggy. Appellant makes the statement that appellee's view ahead as he approached the crossing "was absolutely hidden by a wall of fog which the headlights of his car did not penetrate beyond a distance of 15 feet." Appellee drove his automobile with due care, with his headlights on, his brakes in good working order, his windshield in operation, and he gave due attention to the street as he approached the crossing. He struck the twenty-first freight car, driving at a speed of about 15 miles an hour.

At the rate of speed at which he was driving he could have stopped his automobile within the radius of his lights. He was driving with his lights "down," which gave him a clearer vision of the road immediately in front of his car. With his lights "down," because of the elevation of the track and the distance between the track and the bottom of the freight cars, the light on appellee's automobile did not reveal the presence of the train on the crossing until appellee was in 5 or 6 feet of the train. About a thousand feet before reaching appellant's track, appellee crossed a series of seven tracks belonging to another railroad company; as he approached these tracks, a man with a red lantern walked between his automobile and the tracks. There was much noise of switching operations, but because of the fog and other surroundings appellee thought these noises were to his right and behind him. This was his first drive over Central street, and he did not know that it was crossed by railroad tracks, until he crossed the tracks that night; he did not know that appellant's railroad track crossed Central street, nor did he know, as he drove his automobile across and beyond the seven tracks, that he was about to approach another track, and there is no circumstance in the record visiting him, as a matter of law, with knowledge of that fact. Appellee did not hear appellant's train as he approached the crossing, and had no knowledge of its presence, until just immediately before he struck it. Appellant had no watchman or signal of any kind at this crossing to give warning to the travelling public that its train was occupying the crossing.

On the facts as we have summarized them, appellee was not guilty of contributory negligence as a matter of law, in driving his automobile into appellant's train. As a fact issue, he was in the exercise of ordinary care in driving his automobile with his lights "down." Missouri, K. & T. R. Co. v. Long, Tex.Civ.App., 23 S.W.2d 401. The fog, the noises, the switching tracks he had crossed, the watchman with the red lantern, the black surface of the street—all these constituted "distractions," tending to excuse appellee's conduct in driving into appellant's train. St. Louis, B. & M. Railway Co. v. Brack, Tex.Civ.App., 102 S.W.2d 261; Barron v. Houston E. & W. T. Railroad Co., Tex. Civ.App., 249 S.W. 825, and the many authorities cited therein. Again, appellee did not know, as he drove forward on Central street, that he was approaching a railroad crossing; this is a controlling circumstance in his favor. In Haney v. Texas & N. O. R. Co., 119 S.W.2d 714, 715, speaking for this court, Mr. Justice Combs said: "The jury's finding that Conrad Haney was not guilty of negligence in failing to keep a proper lookout for the crossing was very probably based on a belief that Haney did not know that the truck in which he was riding was approaching a railroad crossing. * * * The accident occurred in the night time and a heavy fog prevailed. * * * Now, if Haney was justifiably ignorant of the fact that the truck was approaching a railroad crossing, then he could not have been negligent in failing to discover the approach of the train. A traveler unfamiliar with a locality and excusably ignorant that he is approaching a crossing is under no duty of keeping a lookout for trains. 35 Texas Jur. Sec. 335a, page 508; Texas & P. Ry. Co. v. Chapman, 57 Tex. 75. One is under no duty of guarding against a dangerous situation the existence of which he is justifiably ignorant of. Texas-Louisiana Power Co. v. Webster, 127 Tex. 126, 91 S.W.2d 302, affirming the holding of the Dallas Court of Civil Appeals reported in 59 S.W.2d 902."

See also Texas & N. O. R. Co. v. Beard, Tex.Civ.App., 91 S.W.2d 1080. The fact that appellee did not know that he was approaching a railroad crossing distinguishes this case from the authorities cited by appellant: Texas & N. O. R. Co. v. Stratton, Tex.Civ.App., 74 S.W.2d 741; Texas & N. O. R. Co. v. Compton, 135 Tex. 7, 136 S.W.2d 1113; Texas-Mexican R. Co. v. Hoy, Tex.Com.App., 24 S.W.2d 18; Robinson v. Houston B. & T. Co., Tex. Civ.App., 23 S.W.2d 894; San Antonio & A. P. R. Co. v. Singletary, Tex.Civ.App., 251 S.W. 325, 328—in each of these cases the plaintiff was familiar with the crossing.

█ Appellee plead that appellant was guilty of negligence in failing to comply with the following ordinance of the city of Houston, which was received in evidence: "It shall be the duty of each railway company operating trains within the city of Houston over and across the streets in said city to illuminate each crossing, unless otherwise ordered by the City Council, with an electric arc lamp, not more

than seventy-five feet distant from such crossing, and not less than twenty feet distant from the ground, and not less than candle power that is used in the case of general arc lights used by the City for lighting streets."

On this ordinance, the court submitted to the jury the following issue:

"Special Issue No. F.

"Do you find from a preponderance of the evidence that the defendant, prior to the collision, failed to illuminate the Central street crossing with its railroad with an electric arc lamp not more than 75 feet distant from said crossing, and of not less than 20 feet distance from the ground, and of not less than candle power that is used in the case of general arc lights used by the City for lighting purposes?"

The evidence was without dispute that appellant had not complied with this ordinance, and had made no effort to comply with it.

Appellant has advanced one proposition against special issue F, and has argued other exceptions, none of which have support in any exceptions timely reserved to the court's charge; at least appellant has not brought forward any exceptions reserved by it to the court's charge.

■ The following statement which we take from appellee's brief refutes appellant's proposition that, as a matter of law, its failure to comply with the ordinance in issue was not a proximate cause of the collision: "The ordinance required the light to be fixed 20 feet above the ground, and no less. Plaintiff's companion, Turner, testified the dense ground fog probably didn't go over 20 ft. in the air from the way it varied in its 'composure', one could see lights higher from the ground because the dense fog of the bayou would be heavier on the ground than above. The box cars of defendant's train were 12 ft. high above the 2-3 ft. elevated crossing. The witness, Middleton, testified that in such a fog as was present on this night you could see regular city electric arc street lights in Manchester Addition to the City of Houston, a block away. Plaintiff testified, without objection by defendant, if

there had been such an overhanging ordinary arc lamp such as were in other portions of Manchester Addition used generally for lighting streets, he wouldn't have hit the train. Defendant's witness, Ellisor, admitted the street light at Central street and Manchester street were quite noticeable that night. Defendant's witness, LeVrier, admitted he could have seen any kind of light at the crossing in time to stop his car. Defendant's witness, Gay, a trainman, admitted had there been arc lights hanging over the crossing a person approaching on Central street could have seen them."

Negligence, as a matter of law, on appellant's part in failing to comply with the city ordinance and the finding of the jury that this negligence was a proximate cause of appellee's injuries, support the judgment against appellant on the issues of negligence plead; therefore, it would serve no useful purpose to review appellant's assignments against the other issues of negligence.

■ The court did not err in advising the jury that in considering the amount of damages it would award to the plaintiff that it could take into consideration "the present cash value of such sum or sums of money, if any, as L. E. Skeen will in reasonable probability lose in the future beyond the date of this trial because of his diminished capacity to work and earn money in the future, if any, as a direct result of the collision in question." The fact that appellee had suffered prior and subsequent injuries to those suffered by him in issue in this case did not make this charge erroneous.

Appellant has no complaint that the verdict is excessive; in fact, on the undisputed evidence, the verdict was conservative.

■ Appellant complains of certain argument by appellee's counsel; the very language made the basis of this assignment was put in evidence by appellant, and was subsequently referred to by appellant.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.