**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a corporation, Plaintiff in Error,**

**v.**

**Ralph BAIRD, Administrator of the Estate of Cecil Lane, deceased, Defendant in Error.**

**No. 39153.**

Supreme Court of Oklahoma.

March 27, 1962.

Rehearing Denied June 26, 1962.

Application for Leave to File Second Petition for Rehearing Denied July 24, 1962.

848

Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, for plaintiff in error.

Elmore A. Page, Tulsa, for defendant in error.

BERRY, Justice.

In this action, defendant in error, Ralph Baird, administrator of the estate of Cecil Lane, deceased, hereafter referred to as "plaintiff", seeks to recover damages from plaintiff in error, Missouri-Kansas-Texas Railroad Company, hereafter referred to as "defendant", which allegedly resulted from fatal injuries sustained by Cecil Lane, hereafter referred to as "deceased", upon defendant's train striking an automobile operated by deceased at a railroad crossing approximately two miles south of Adair, Oklahoma.

In his petition, plaintiff alleged that the proximate cause of the fatal accident was numerous acts of negligence on defendant's part. In view of the issues briefed by the parties, the only act pleaded which we will note is that defendant was negligent in failing to sound a warning as the train approached the crossing. This act of negligence and other alleged acts of negligence was denied by defendant in its answer to the petition.

The jury to whom the case was tried, returned a verdict in plaintiff's favor for $11,873.50. From order of the trial court denying defendant's motion for new trial which was directed to judgment on the verdict, defendant perfected this appeal.

For reversal, defendant contends that (a) "No act or omission on the part of defendant was the direct and proximate cause of the injury to (deceased)"; that (b) "the icy condition of the surface of the public road which prevented plaintiff from stopping his car was the sole and proximate cause of the accident and resulting injury to plaintiff"; that (c) "a verdict based on testimony which is inherently improbable and incredible because such testimony is opposed to common experience of mankind cannot be sustained"; that (d) "The trial court erred in admitting and rejecting evidence".

At the conclusion of plaintiff's case in chief, defendant interposed a demurrer which was overruled. At the conclusion of the trial defendant moved for a directed verdict which motion was denied. Defendant duly excepted to the action of the trial court.

The uncontroverted evidence can be summarized as follows:

The accident occurred in the early afternoon. At that time the sky was overcast and the dirt and graveled highway over which deceased was traveling was covered with ice and snow. Deceased approached the crossing from the east. The train approached from the north. The speed of the train as it approached the crossing was from 65 to 70 miles per hour. The speed of deceased's automobile was from 15 to 20 miles per hour. At a point near the crossing deceased indicated by an exclamation that he had seen the approaching train. He promptly applied his brakes and turned his automobile to the southwest, which was the direction that the train was traveling. The back portion of deceased's automobile was upon the tracks at the time it was struck by the train. The distance from point of impact to point where the brakes were applied was 50 feet. Deceased's vision to the north as he approached the crossing was partly obstructed by a fence to the east of defendant's right-of-way and by vegetation along the east side of the right-of-way to the north of the crossing. For a distance of several hundred feet north of the crossing, defendant's track was several feet lower than the ground immediately east of the tracks. This prevented a motorist approaching the crossing from the east seeing the lower portion of a train approaching from the north. A motorist so proceeding could see the upper portion of a south-bound train from a point ap-

proximately 400 feet east of the crossing until he was near the crossing. Prior to the fatal accident, deceased on several occasions had passed over the crossing. The crossing was not protected by signal lights, flagman or any warning device except a "cross-buck" which had been placed to the southwest of the crossing. The highway over which deceased was traveling was frequently used by motorists.

There was competent evidence that no warning was given of the approaching train and there was competent evidence to the contrary.

Defendant argues that the direct result of the accident was deceased's failure to keep a lookout or if he kept a lookout, his inability to control his automobile due to the conditions of the highway, and not to any omission on its part. In support of this argument, defendant cites Severy v. Chicago, R. I. & P. Ry. Co., 6 Okl. 153, 50 P. 162; Missouri, Pac. R. Co. v. Merritt, 104 Okl. 77, 230 P. 513; Missouri, K. & T. Ry. Co. v. Flowers, 187 Okl. 158, 101 P.2d 816; Billy v. Texas, O. & E. R. Co., Okl., 263 P.2d 187, and cases from other jurisdictions.

In Kurn et al. v. Maxwell, 194 Okl. 336, 151 P.2d 386, the first three cases above cited and other cases of the same purport are cited. In distinguishing said cases it is pointed out that if knowledge of an approaching train is already had, the giving of a signal may serve no useful purpose; that in the absence of such knowledge, justification may exist for concluding that the giving of a signal would warn of the approaching train, thus enabling a traveler to avoid colliding with same.

In the instant case the evidence tends to show that deceased did not realize that defendant's train was approaching the crossing until shortly before the accident occurred. The jury, no doubt, concluded that a warning was not given, and having so concluded it was their privilege to further conclude that had a warning been sounded by those in charge of defendant's locomotive, deceased would have avoided colliding with the train. To the same general effect as the cited case, see St. Louis-San Francisco Railway Co. v. Robinson, 99 Okl. 2, 225 P. 986, and St. Louis-San Francisco Railway Co. et al. v. Fox, Okl., 359 P.2d 710.

In so far as the cases cited by defendant purport to hold that testimony of a person who is in a position to hear a signal did not hear one is as negative testimony without probative effect, see St. Louis-San Francisco Railway Co. v. Russell, 130 Okl. 237, 266 P. 763, where it is pointed out that this Court has repeatedly held that such testimony is not purely negative and to the contrary represents a positive statement. More than one witness testified in the instant case that while he was in a position to hear a warning signal, he did not hear one.

■ In recent years this Court has held on repeated occasions that a duty rests upon those operating a train to warn a traveler over a highway of its approach; that even though the traveler be at fault, the question of proximate cause is for the jury where there is competent evidence showing that a warning was not given. See Kansas, Oklahoma & Gulf Ry. Co. v. Collins, 207 Okl. 567, 251 P.2d 178; Missouri-Kansas-Texas Railroad Co. et al. v. Edwards, Okl., 361 P.2d 459, and cited cases.

■ The reasoning of the cases last referred to sustain the proposition that the matter of whether the proximate cause of the accident was the condition of the highway or defendant's alleged failure to signal the approach of its train was a question for the jury.

■ Deceased's wife, who was a passenger in his automobile, testified that as she and deceased approached the crossing, she constantly looked to the north after the automobile was within a few hundred feet of the crossing but did not see the train until deceased apparently saw it. Defendant argues that this testimony is "inherently

improbable and incredible" and should be disregarded.

If deceased's wife's testimony in the foregoing particulars is wholly disregarded, it would not mean that plaintiff failed to make a prima facie case of negligence on defendant's part. This for the reason several witnesses testified that while they were in a position to hear a warning signal if one were given by those operating the train, they did not hear such a signal.

After having carefully reviewed the record, we have concluded that defendant's contention that "the trial court erred in admitting and rejecting evidence" is without substantial merit.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.