MISSOURI–KANSAS–TEXAS RAILROAD
COMPANY, a corporation, Plaintiff
in Error,

v.

CHIEF EQUIPMENT COMPANY, a corporation, Defendant in Error.

No. 41057.

Supreme Court of Oklahoma.

Nov. 9, 1966.

Rehearing Denied Jan. 3, 1967.

**842**

Doerner, Stuart, Moreland & Saunders, Harry D. Moreland, Tulsa, for plaintiff in error.

Sam Roberts, Tulsa, for defendant in error.

PER CURIAM:

Defendant in error, Chief Equipment Company, hereinafter referred to as plaintiff, leased a trailer to Chief Freight Lines. While the trailer was being pulled by a truck being operated by an employee of Chief Freight Lines, said truck-trailer was involved in a collision with a train belonging to the railroad company, herein referred to as defendant.

Plaintiff instituted this action against defendant railroad company only, to recover damages to its trailer. Defendant denied any negligence whatsoever and alleged the accident was caused wholly and solely by the acts of negligence of the employee of Chief Freight Lines, the operator of the truck. Defendant also alleged that if the evidence did show that it was guilty of negligence in any respect, which it specifically denied, that plaintiff was guilty of contributory negligence which proximately contributed to the accident because of the acts and conduct of the operator of the truck. Plaintiff, in its reply, denied that the operator of the truck was its agent, servant or employee.

The jury returned a verdict in favor of plaintiff and judgment was rendered thereon. Defendant appeals from the order overruling its motion for a new trial.

Before considering the facts surrounding the accident and the alleged negligence of defendant, we will first consider one of the instructions of the trial court which defendant contends constitutes reversible error. The instruction complained of was to the effect that the evidence established that the operator of the truck was not an agent of the plaintiff and his negligence could not be imputed to the plaintiff and would not prevent plaintiff from recovering from the defendant unless the jury found that the negligence of the truck operator was the sole cause of the accident and that defendant was guilty of no negligence which contributed to the accident.

Defendant cites no authority to sustain the above contention and its argument goes to the sufficiency of the evidence and credibility of a witness which will be hereinafter considered. There is no evidence whatsoever that the operator of the truck was the agent, servant or employee of plaintiff. Although the operator of the truck may have been negligent, such negligence does not necessarily mean that plaintiff is precluded from recovering damages

from defendant if defendant was guilty of negligence which contributed to the accident. See Lindemann v. Randolph, Okl., 414 P.2d 257. Therefore, the issue presented is not whether the operator of the truck was negligent but whether defendant was guilty of negligence which contributed to the accident. We hold the above instruction does not constitute reversible error.

We will now consider defendant's contention that the evidence and law do not justify submitting the case to the jury and the trial court erred in overruling its demurrer to the evidence and motion for a directed verdict.

The record discloses that the accident occurred at a railroad crossing in the City of Tulsa. One of the allegations of negligence was that defendant failed to sound its whistle or ring its bell as it approached the street railroad crossing in violation of Title 66 O.S.1961, § 126.

The evidence with reference to whether the whistle or bell of the train was sounded as the train approached the crossing is in conflict. One of plaintiff's witnesses, who was approximately 100 yards away from the accident, testified that he heard the crash but did not hear the train whistle or the bell. The operator of the truck said he heard no whistle or bell. Defendant's witnesses testified that the whistle and bell were sounded as the train approached the crossing.

The force and effect of defendant's argument is that the testimony of the operator of the truck relating to the facts surrounding the accident was incredible, inherently improbable and offensive to common sense. Although not necessary to our determination herein, in this argument, defendant overlooks the testimony of plaintiff's other witness who testified that he did not hear a whistle or bell of the train as it approached the crossing.

■ In Cooke v. Townley, Okl., 265 P.2d 1108, we held that the credibility of witnesses and the weight and value of their testimony in actions of legal cognizance are questions exclusively for the jury to pass upon.

In Missouri-Kansas-Texas Railroad Company v. Baird, Okl., 372 P.2d 847, we said that a duty rests upon those operating a train to warn a traveler over a highway of its approach and even though the traveler be at fault, the question of proximate cause is for the jury where there is competent evidence showing that a warning was not given.

In St. Louis-S. F. Ry. Co. v. Van Hoy, Okl., 268 P.2d 582, we held that in an action of legal cognizance, where there is any competent evidence reasonably tending to support the verdict of the jury, such verdict and judgment pronounced thereon, will be sustained.

■ There is competent evidence reasonably tending to support the verdict of the jury and the judgment pronounced thereon; and the evidence adduced and the law applicable thereto justified the trial court in submitting the case to the jury and the trial court did not err in overruling defendant's demurrer to the evidence and motion for a directed verdict.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and HODGES, JJ., concur.

The Court acknowledges the services of Mart Brown, who with the aid and counsel of Howard K. Berry and John C. Andrews, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to IRWIN, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.