**WESTERN TRANSPORT COMPANY, Inc., et al., Appellants,**

**v.**

**GULF, COLORADO & SANTA FE RAILWAY COMPANY et al., Appellees.**

**No. 4592.**

Court of Civil Appeals of Texas.

Waco.

April 6, 1967.

Rehearing Denied April 27, 1967.

Richey, Sheehy, Teeling & Cureton, John F. Sheehy, Waco, J. P. Word, Meridian, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellants.

Hudson, Keltner, Smith & Cunningham, Fort Worth, H. J. Cureton, Jr., Meridian, for appellees.

## OPINION

WILSON, Justice.

Appellee railway company recovered judgment against appellant-defendant gasoline truck transport company for property damage arising out of a railroad crossing accident. The principal questions in the case result from the disregarding of jury findings by the trial court.

Appellant's truck loaded with gasoline was struck by appellee's Santa Fe "Chief" in Clifton, Texas. Exploding gasoline caused the property damage to the railroad equipment, found to be nearly $70,000. The jury found in effect that the truck driver's negligence in failing to keep a proper lookout, in failing to heed the flashing signal light warning which was in operation at the crossing, in failing to properly listen to the train whistle which was blowing, and in failing to stop his truck not less than 15 feet from the track proximately caused the accident. These findings are not challenged. Other material findings were to the effect that the crossing in question was not an extra-hazardous crossing; but that the railway company was negligent in failing to have a flagman at the crossing, which was a proximate cause. The latter findings as to negligence and proximate cause in failing to have a flagman present were disregarded by the court.

Appellant's primary position is that the railway company had "voluntarily classified the crossing in question as an extra-hazardous one" by customarily having a flagman present, and the two jury findings which were disregarded entitled it to judgment notwithstanding the further finding of the jury that the crossing was not extra-hazardous.

It is undisputed that Santa Fe maintained an automatic electric flashing-light warning

signal guarding the main-line track on which the train which struck appellant's truck was traveling. It was operating at the time of the accident. Appellant's truck driver admitted he saw it flashing. He was familiar with it. He knew the "Chief" was scheduled to pass about noon, although the collision occurred about 12:35 P.M. He assumed it had passed. He knew the flashing signal was a warning that a train or locomotive was on one of the tracks in the vicinity of the crossing; but he assumed the lights were flashing due to switching operations, since he did not see a train. He admitted he ignored the warning signal for this reason, and did not stop within the minimum statutory distance from the main line required by Art. 6701d, Sec. 86, Vernon's Ann.Tex.Civ.Stat. He testified, "I just eased on up through there, more or less feeling my way through," looking both ways, "because I wasn't sure where it was or what it was." There was also in operation at the crossing an automatic bell signal, which was ringing.

As he approached the main line track the truck driver "glanced at" the flashing signal lights "to see if they were still working". He could hear the warning signal bells ringing. When asked to "tell any reason" he "didn't know a train was approaching" he replied, "Well, he was supposed to have done been through there" around noon, but "I didn't know for sure." Although he did not see any switching taking place, he "assumed" this had activated the signals. He had frequently seen the signals working because of switching operations when no train was coming.

■ In our opinion the action of the trial court in disregarding the finding of the jury that failure to have a flagman at the crossing was a proximate cause is not error. The only purpose which a flagman could serve would be to give warning that a train or locomotive was in proximity to the crossing. This the flashing signal did effectively. It notified the truck driver a train or locomotive was near. Knowing

this, he did not heed the warning signal by stopping, but proceeded in spite of it. Causal connection is absent.

■ The duty to use more than ordinary warning measures where a railroad crossing is extra-hazardous exists because of the user's increased difficulty in discovering the presence of a locomotive or train. "If a highway traveler knows that a train is so using or about to use it, these extraordinary dangers do not exist and extra precautions to warn him would be futile, since the only purpose they could serve would be to warn him not to run into the train." McMahan v. Texas & N. O. R. Co., 138 Tex. 626, 161 S.W.2d 70, 71. See Texas & N. O. R. Co. v. Compton, 135 Tex. 7, 136 S.W.2d 1113, 1115; Galveston, H. & S. A. Ry. Co. v. Wells, 121 Tex. 310, 50 S.W.2d 247; Harris v. Texas & P. Ry. Co., Tex.Civ.App., 28 S.W.2d 1093, 1094, writ ref.; Reedy v. Missouri, K. & T. Ry. Co., Tex.Civ.App., 203 S.W.2d 347, 350; Hasting v. Texas & Pacific Railway Company, Tex.Civ.App., 313 S.W.2d 344, 347.

■ For this reason also appellant's points to the effect that there is no evidence or insufficient evidence to support the finding that the crossing was not extra-hazardous, and that it is contrary to the overwhelming preponderance of the evidence, are overruled. That finding is immaterial since the failure to have a flagman present is not a proximate cause. We have examined the evidence, notwithstanding, and in our opinion it is legally and factually adequate to sustain the finding.

■ In support of the contention that appellee's custom of having a flagman present established a duty to have one at the crossing at the time of the accident, irrespective of whether the crossing was extra-hazardous, appellant cites cases from other jurisdictions. These cases generally adopt the view of comment (f), Sec. 301, Restatement, Torts, that where the traveling public has been led to rely on a watchman, there may exist a duty to continue a customary or es-

tablished warning. We have found no evidence, and have been pointed to none, that appellant's driver knew of any custom (if it be assumed there was one), to maintain a flagman at the crossing or that he did rely on such a custom.

In Galveston H. & S. A. Ry. Co. v. Wells, 121 Tex. 310, 50 S.W.2d 247, 251, in an extra-hazardous crossing case, the Supreme Court stated that even where the crossing was extra-hazardous the railroad company would not be required to maintain both a wigwag signal or other warning device and a flagman in addition. See also Texas & New Orleans Ry. Co. v. Hart, 163 Tex. 450, 356 S.W.2d 901, 907. No issue was submitted or requested concerning whether a custom existed relating to the asserted practice now relied on of having a flagman present. The defense was waived. Rule 279, Texas Rules of Civil Procedure. Clark v. National Life & Acc. Ins. Co., 145 Tex. 575, 200 S.W. 2d 820; Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876.

Complaint is made of refusal of requested issues which would have inquired whether appellee maintained "inadequate electrical devices" at the crossing, and signal devices which "would operate for substantial periods of time when no train was approaching"; and as to negligence and proximate cause. Appellant pleaded the matters embodied in these requested issues solely as circumstances which it was charged made the crossing extra-hazardous. On this subject the requested inquiries were evidentiary. There was no pleading to support the issues or findings that the devices or the manner of their operation was negligence or a proximate cause. It was not error to refuse the requested issues. Rules 67, 277, 279, Texas Rules of Civil Procedure.

We have carefully considered the points concerning the jury finding that the negligent operation of the train at a high and dangerous rate of speed was not a prox-

imate cause of the collision. These points challenge the existence or adequacy of evidence to support the finding. They are overruled, as is the point concerning the amount of judgment. Affirmed.