**SANTA FE RAILROAD COMPANY,**
**Appellant,**

**v.**

**E. F. HIRSCH, as Next Friend of Billy Gene**
**Hirsch, a minor, Appellee.**

**No. 6975.**

Court of Civil Appeals of Texas.

Beaumont.

May 29, 1968.

Motion for Rehearing Overruled
June 26, 1968.

---

Chilton O'Brien, Beaumont, for appellant.

Robert C. Barnett, Houston, for appellee.

STEPHENSON, Justice.

Our first opinion in this case was handed down May 9, 1968. On motion for rehearing, it became apparent that one point could be expressed more clearly. Accordingly, the first opinion is withdrawn and the following is substituted.

This is a damage suit to recover for personal injuries sustained in a collision between an automobile and train. Judgment was rendered for plaintiff, Hirsch, and against plaintiff, Lena Mae Flowers Challette, mother of Bobby Joe Flowers, who was killed in the collision, upon the answers of the jury to the special issues. Only the judgment as to Hirsch is appealed. The parties will be referred to here as they were in the trial court.

Bobby Joe Flowers was the driver of the automobile, and plaintiff, Hirsch, a passenger. No statement of facts is on file as a part of the record in this court. The transcript shows the jury found: The crossing in question was an extra-hazardous nighttime crossing. That the defendant knew or in the exercise of ordinary care should have known that such crossing was an extra-hazardous nighttime crossing. That in the exercise of ordinary care, defendant should have had a signal light to warn motorists approaching from the south of the presence of a train. That such failure was a proximate cause of the collision in question. That the train was plainly visible before Bobby Joe Flowers reached a point 15 feet from the nearest railroad track. That the failure of Bobby Joe Flowers to stop his automobile within 50 feet but not less than 15 feet from such nearest rail was a proximate cause of the collision, but not the sole proximate cause. Other findings by the jury were made which are not material to the point of error raised in this court.

Defendant's sole point of error is as follows:

The trial court erred in overruling Santa Fe's motion for judgment that plaintiff Hirsch take nothing, because the specific finding of the jury that the train was plainly visible controlled the general finding that the failure to have a signal light at the crossing to warn motorists of the presence of the train on the tracks was a proximate cause of the collision that occurred, and

therefore the failure to have such a signal light could not be a legal proximate cause of the collision.

It is important to note that there are no points of error raised by defendant that there was no evidence or insufficient evidence to support the four findings by the jury upon which the judgment against defendant was rendered. Again, these four findings by the jury are: (1) That the crossing in question was an extra-hazardous nighttime crossing. (2) That the defendant knew or in the exercise of ordinary care should have known it was an extra-hazardous crossing. (3) Failure to have a signal light was negligence. (4) Such failure was a proximate cause.

Defendant cites this court no authority for the assertion made in its point of error that the finding by the jury that the train was plainly visible was a "specific finding" and it "controlled" the "general finding" by the jury that the failure to have a signal light was a proximate cause of the collision. The statement of the general rule, that the specific is given controlling effect over the general in special issue jury verdict, is given by defendant, but the reason one finding in this case is specific and one general is not pointed out.

Cunningham v. Suggs, Tex.Civ.App., 340 S.W.2d 369, is cited as authority for this proposition generally. In this case, it was held that a finding as to "proper control" is a general finding and is controlled by the specific finding as to the constituent elements making up proper control. Defendant cited Bragg v. Hughes, Tex.Civ. App., 53 S.W.2d 151, which was also a case involving proper control and the point made in the preceding case. The case, Thrush v. Lingo Lumber Co., Tex.Civ. App., 262 S.W. 551, held the finding by the jury that plaintiff was guilty of negligence per se controlled another finding by the jury that plaintiff exercised ordinary care for her own safety. The case, Panhandle & Santa Fe Railway Company v. Arnold, Tex.Civ.App., 283

S.W.2d 303, held, in substance, that a jury finding that defendant failed to furnish plaintiff a safe place to work was a general finding that could not stand in the face of the specific findings of the negligent acts complained of. Harbin v. City of Beaumont, Tex.Civ.App., 146 S.W.2d 297 is anothter case holding a finding by the jury that defendant failed to furnish plaintiff a reasonably safe place to work was a mere legal conclusion and not a finding of a special act of negligence, the jury having acquitted defendant of all of the special acts of negligence. It is noted that in all of the cases cited, the courts were attempting to determine whether findings as to only one party to the suit were general or specific to resolve an apparent conflict in the finding. No problem was submitted in any of such cases in which an attempt was made to compare negligence of opposite parties as general or specific to see which would control the rendition of a judgment by the court.

If appellant had urged either no evidence or insufficient evidence points in reference to whether failure to have a signal could have been the proximate cause of this collision, it would have been necessary to obtain a statement of facts. The same would have been true as to the finding by the jury that the failure of Bobby Joe Flowers to stop the automobile as set forth, was not the sole proximate cause of the collision. Neither of those findings by the jury is under attack. Defendant has chosen to stand upon its single point of error that the failure of Bobby Joe Flowers to stop under the circumstances was a specific finding and it controlled the general findings as to the failure of defendant to have a signal. It is conceivable that had a statement of facts been filed, the plaintiff could have contended there was no evidence to support the jury findings of the train being plainly visible and proximate cause as to the failure of Bobby Joe Flowers to stop the car as set forth.

Defendant did not contend in the trial court that there was a fatal conflict between these two findings of the jury and ask the trial court to order the jury to continue its deliberation to resolve the conflict. It must have been apparent to defendant it was entitled to judgment as to the plaintiff Challette, for the death of her son, Bobby Joe Flowers, under the issues as answered by the jury, and to request the court to order the jury to continue its deliberation of these two conflicting issues would jeopardize that victory.

■ This court cannot assume that Bobby Joe Flowers would not see the type of signal required at an extra-hazardous crossing at night simply because he did not see a train which had been found by the jury to be plainly visible. Defendant cites Texas & N. O. Ry. Co. v. Compton, 135 Tex. 7, 136 S.W.2d 1113 and other cases, as holding the presence of the train on the track was sufficient warning and if a motorist did not see the train and pay heed to it, he would not see and pay heed to other types of signals. The Compton Case, supra, for example, did not involve an extra-hazardous crossing, but reviewed the evidence before holding as a matter of law the absence of the cross-buck signal could not have been a proximate cause. Each of the cases cited by defendant reviewed the evidence before holding that, under the circumstances of that case, some action on the part of the railroad could not have been a proximate cause of the injury. There is no way for this court, in the absence of a statement of facts, to hold, as a matter of law, that a lighted wagging signal would not have been seen, and, therefore, could not be a proximate cause of the collision. This is particularly true in view of the admission, which we do have the benefit of showing, that the automobile struck the 31st car of the train, and, therefore, the headlight on the train was many feet down the track. It must be kept in mind that this is not a case in which the appel-

lant is complaining of the action of a trial court for failing to render judgment non obstante veredicto, or to disregard issues under Rule 301, Texas Rules of Civil Procedure. It would have been necessary to have a statement of facts to pass upon such questions.

 We hold the issues as to the train being plainly visible and the failure of Bobby Joe Flowers to stop do not control the issues as to the failure of defendant to have a signal. This is the only point upon which we are called upon to pass. This point of error is overruled.

Affirmed.