R. G. SNODGRASS, Appellant,

v.

FORT WORTH & DENVER RAILWAY COMPANY, Appellee.

No. 7916.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 17, 1969.

Rehearing Denied March 21, 1969.

Huff & Bowers and Broadus A. Spivey, Lubbock, for appellant.

Evans, Pharr, Trout & Jones, Lubbock, for appellee, Charles B. Jones and Carlton B. Dodson, Lubbock, of counsel.

NORTHCUTT, Justice.

R. G. Snodgrass, hereinafter referred to as appellant, brought this action against the Fort Worth & Denver Railway Company, hereinafter referred to as appellee, to

recover for personal injuries and automobile damages as a result of a car-train collision. After appellant had presented his evidence and rested, appellee made a motion for an instructed verdict. The trial court granted the motion and entered judgment for the appellee. From that judgment appellant perfected this appeal.

Appellant presented this appeal upon one assignment of error contending the court erred in granting the judgment for the reason there were fact issues for determination by the jury both on the negligence of the appellee and on the contributory negligence, if any, of the appellant. Appellant was the only one testifying in the case.

This suit is the result of a car-train collision which occurred on the 19th day of August, 1966, in the City of Lubbock, Texas. The collision occurred at the intersection of appellee's tracks and Avenue A which is just north of 29th Street in Lubbock. Avenue A runs north and south in the east part of Lubbock. Appellee's tracks run west-northwest and east-southeast and intersect Avenue A at approximately a 70° angle. Appellant was proceeding south on Avenue A in the west outside lane. The train was proceeding easterly. The appellant was travelling approximately 25 mph. until he saw the electric red signal lights and slowed down to approximately 10 mph. but did not stop his vehicle at all before proceeding to cross the railroad tracks.

Under this record it is clearly shown by appellant's own testimony that the electric red signal lights were flashing giving persons approaching the crossing notice of the approaching train and that appellant saw the lights but did not stop. Appellant testified in part as follows:

"Q. In all probability, it's a fact, isn't it, that those red lights were probably working as you approached that intersection?

A. I'm pretty sure they was.

Q. Had they not been working you'd have probably proceeded on at the same speed, wouldn't you?

A. At the same speed I was going.

Q. And is that why you slowed down to about ten miles an hour?

A. I imagine that's why."

\* \* \* \* \* \*

"Q. Now, when you came up there, you know when the flashing lights are on that that means there's a train close to the crossing?

A. Well, I know that's what they're supposed to mean.

Q. Well, now, you weren't trying to outguess whether there was a train there or not, were you?

A. I've seen those lights blinking and the train would be setting up there maybe at the oil mill.

Q. All I'm saying is it means there's a train close to the crossing, you know how those lights work, don't you?

A. Yes, sir.

Q. They come on when a train gets so close to the crossing?

A. Yes, sir."

\* \* \* \* \* \*

"Q. Now, are you fairly certain you saw the red lights out there working?

A. I'm pretty sure that the red lights was blinking, yes, sir."

Sec. 86(a) of Art. 6701d, Vernon's Ann. Tex.St. provides as follows:

"Sec. 86. Whenever any person driving a vehicle approaches a railroad grade

crossing, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad and shall not proceed until he can do so safely when:

(a) A clearly visible electric or mechanical signal device gives warning of the immediate approach of a train;"

We are of the opinion the trial court correctly ruled that appellant was guilty of negligence which was a proximate cause as a matter of law. The rule in this state is as follows: "In rare cases, to which we think this one belongs, where the evidence is without material dispute and where only one reasonable inference may be drawn therefrom, the question of negligence becomes one of law." Texas & N. O. R. Co. v. Burden, 146 Tex. 109, 203 S.W.2d 522 at 528; Erck v. Zelios, Tex.Civ.App., 401 S.W.2d 867; Sneed v. Fort Worth Transit Co., Tex.Civ.App., 427 S.W.2d 920 and the many cases cited in these cases. See also Western Transport Co. v. Gulf, Colorado & Santa Fe Ry. Co., Tex.Civ.App., 414 S.W.2d 218 (n. r. e.) where it is stated:

"In our opinion the action of the trial court in disregarding the finding of the jury that failure to have a flagman at the crossing was a proximate cause is not error. The only purpose which a flagman could serve would be to give warning that a train or locomotive was in proximity to the crossing. This the flashing signal did effectively. It notified the truck driver a train or locomotive was near. Knowing this, he did not heed the warning signal by stopping, but proceeded in spite of it. Causal connection is absent."

In view of the undisputed evidence herein that appellee's warning signals were flashing and appellant saw them but did not stop and the only reasonable inferences to be drawn therefrom, we hold that appellant's failure to stop was negligence and proximate cause as a matter of law.

Judgment of the trial court is affirmed.