**Carl BUSH et ux., Appellants,**

v.

**Gary Q. HUNTER, Appellee.**

**No. 5000.**

Court of Civil Appeals of Texas,
Waco.

March 18, 1971.

Johnson, Hathaway & Jackson, Tyler,
Elliott & Bass, Canton, for appellants.

Spruiell, Lowry, Potter, Lasater & Guinn,
John H. Minton, Jr., Tyler, for appellee.

OPINION

WILSON, Justice.

The only question in this rear-end automobile collision case is whether there is no evidence to sustain jury findings that plaintiff's negligence was a proximate cause of the accident. In our opinion there is no evidence to authorize this part of the verdict and we reverse.

The jury found defendant's negligence proximately caused the collision; and found plaintiff suddenly decreased her speed without first having given a signal of her intention to do so, which negligence was a proximate cause.

The question is not whether plaintiff gave a signal; she admits she gave none. The preliminary problem is whether there is any evidence she suddenly decreased her speed. Defendant was driving 60–65 miles per hour on an interstate highway behind plaintiff, who testified she was traveling 50. Defendant testified he turned to look at a cow and calf when he was at a distance, variously stated as 60–70 feet, or 100 feet, behind plaintiff's car. He looked away four or five seconds, he testified. When he looked back after looking at the cow and calf he was 18 feet or, as he later testified, "two or three car lengths" behind it; "I was right on that station wagon". He didn't believe he had time enough to get his brakes on.

Defendant had planned to overtake and pass plaintiff. If he "hadn't been looking at the cow and calf, of course", he "would have had plenty of time to miss her", was his testimony. Defendant told the investigating officer: "I don't know; I believe she slowed down". He testified he "didn't have time to observe actually whether she did slow down or what", and "I didn't have time for nothing". It "appeared" to him plaintiff's brake lights were on or "seemed

to be lit". Plaintiff testified positively she did not slow her vehicle.

The evidence on the question of whether plaintiff decreased speed does not rise above scintilla status in our opinion. Under defendant's testimony, at his minimum stated speed, at the shortest time he testified he looked away, and if plaintiff's vehicle had not decelerated, he would nevertheless have "been right on that station wagon". Defendant's speculative and equivocal testimony that he "believed" plaintiff slowed down and that plaintiff's brake lights "seemed" or "appeared" to be lighted has no probative force when contrasted with positive testimony that plaintiff did not slow down. See Texas & N. O. R. Co. v. Compton, 135 Tex. 7, 136 S.W.2d 1113 (1940); Markusfeld v. Zahn (Tex.Civ. App., 1937, writ dism.), 99 S.W.2d 438. Cases cited, Le Master v. Ft. Worth Transit Co., Tex.Civ.App., 1940, 142 S.W.2d 908, 914 (rev. 138 Tex. 512, 160 S.W.2d 224).

There is an even greater void in the evidence of failure to signal as a proximate cause. The element of causation is not raised by the evidence. If plaintiff had actually intended to slow or stop and had first given a signal of that intention, defendant could not have seen it; he was admittedly looking elsewhere, and when he finally looked back at plaintiff's car he didn't have time enough to apply his brakes; he "didn't have time for nothing"; he was "so close it didn't do any good" to try to swerve or turn to his left.

Reversed and rendered.