**Eva OSUNA, Petitioner,**

v.

**SOUTHERN PACIFIC RAILROAD,**
**Respondent.**

**No. C–1121.**

Supreme Court of Texas.

Oct. 27, 1982.

Rehearing Denied Nov. 24, 1982.

Bob Andrews, Austin, for petitioner.

Wilson, Grosenheider & Burns, Robert B. Burns, Jr., Austin, for respondent.

SONDOCK, Justice.

This is a railroad crossing collision case brought by Eva Osuna against Southern Pacific Railroad. The trial court granted summary judgment in favor of Southern Pacific. The court of appeals affirmed the judgment. 627 S.W.2d 245. We reverse the judgments of the courts below because of material fact issues in regard to the defendant's alleged negligence.

The accident in question occurred at 1:00 A.M., November 7, 1977, where defendant's single set of tracks cross U.S. Highway 183, approximately 1.3 miles north of the City of Leander, in Williamson County. The railroad generally runs perpendicular to the highway, but the road turns 45 degrees to the right some 350 feet away from the crossing and intersects with the railroad tracks at that angle. Various warnings are positioned along the highway, including the usual round yellow metal sign approximately 600 feet from the crossing, the large "X" and "R" painted on the surface of the highway, and the familiar black and white

cross-board sign next to the crossing. In addition, an automatic signal device with two lights is stationed on the pole immediately below the cross-boards.

On the night of the accident, Ms. Osuna was approaching the crossing at 55 M.P.H. when she noticed that the signal lights were not flashing. Being familiar with the crossing, she continued toward it at the same rate of speed. However, the lights were malfunctioning and a long train was crossing the highway in front of her in the darkness. She did not apply her brakes until too late and her car struck the 41st and 42nd cars of the 90-car train.

Ms. Osuna testified in her deposition that she could see the white pole at the crossing that supported the cross-board and the automatic lights from approximately 350 feet. She also stated, however, that she could not see the train because of the darkness and the dark coloring of the unlighted box cars. She contends that she was entitled to rely on the signal lights at the time in question since they were installed by defendant to warn the public of trains at or near the crossing.

■ Under normal circumstances, the warning signs that were located along the highway would have been adequate warnings for the dangers of an ordinary rural crossing. It is well established in this state that it is only at extra-hazardous crossings that the railroad has a duty to use extraordinary means to warn travelers along the road. *Missouri Pac. R. Co. v. Cooper*, 563 S.W.2d 233 (Tex.1978); *Ft. Worth-Denver Ry. Co. v. Williams*, 375 S.W.2d 279 (Tex. 1964); *Missouri K. & T. Ry. Co. v. Magee*, 92 Tex. 616, 50 S.W. 1013 (1899). Moreover, the presence of railroad cars occupying the crossing directly in front of the driver is an additional warning that has been held sufficient as a matter of law. *Texas & N.O.R. Co. v. Compton*, 135 Tex. 7, 136 S.W.2d 1113 (1940); *Texas & N.O.R. Co. v. Stratton*, 74 S.W.2d 741 (Tex.Civ.App.—San Antonio 1934, writ ref'd).

■ In this case, however, we are unable to say that the railroad was not negligent as a matter of law. Assuming that the crossing was not extra-hazardous, a fact question still exists as to whether the railroad was negligent under this particular set of circumstances. Having undertaken to place a flashing light at the crossing for the purpose of warning travelers, the railroad was under a duty to keep the signal in good repair, even though the signal was not legally required. *See Colonial Savings Ass'n v. Taylor*, 544 S.W.2d 116 (Tex.1976); *Fox v. Dallas Hotel Co.*, 111 Tex. 461, 240 S.W. 517 (1922). Accordingly, fact questions are presented as to whether the railroad was negligent in failing to have the lights in working order and, if so, whether such negligence was a proximate cause of the plaintiff's injuries. The trial court erred in granting summary judgment for Southern Pacific.

The judgments of the courts below are reversed and the cause is remanded to the trial court.

McGEE, J., notes his dissent.