Mark HAMILTON, Appellant,

v.

Richard ALLEN, and The Atchison,
Topeka & Santa Fe Railway
Company, Appellees.

No. 75792.

Supreme Court of Oklahoma.

April 20, 1993.

Rehearing Denied June 2, 1993.

Mike Speegle, Oklahoma City, for appellant.

Rainey, Ross, Rice & Binns by Hugh D. Rice, H.D. Binns, Jr. and Roberta Browning Fields, Oklahoma City, for appellees.

HODGES, Chief Justice.

The issue before this Court is whether the trial court erred in granting summary judgment in favor of the defendants, Richard Allen and the Atchison, Topeka & Santa Fe Railway Company. We find that the trial court correctly entered judgment for the defendants.

The uncontroverted facts submitted by the defendants were not disputed by the plaintiff, Mark Hamilton. Those facts are as follows. High Street is a two lane road which runs north and south. At the scene of the accident, there are two sets of parallel railroad tracks, the mainline track and the Scrivner siding. The tracks run southeast to northwest and intersect High Street. The train crossing is protected by crossbucks, flashers, gates, and bells on both sides of the crossing.

On January 12, 1987, at approximately 6:00 p.m., the plaintiff was south bound on High Street in Oklahoma City. Hamilton had a wide-angled view of the approaching train. The train was traveling northwest.

As Hamilton was traveling south, he came upon at least two other south-bound vehicles which were stopped in front of the

closed gate. Hamilton stopped briefly, then crossed the center line, pulling into the approaching lane of traffic, and drove past the two cars and around the gates. Hamilton then passed over the siding track and proceeded to the second track where he collided with the Santa Fe switch engine on the mainline. At the time of the accident, the flashers, which warned of an approaching train, were on and the gates blocking the lanes were down.

Hamilton did not refute any of the defendants proposed uncontested facts. He did submit proposed controverted facts but did not follow rule 13 which states:

> In the statement, the adverse party or parties shall set forth and number each specific material fact which is claimed to be in controversy and reference shall be made to the pages, paragraphs, and/or lines of the depositions, admissions, answers to interrogatories and to requests for admissions, affidavits, exhibits and other materials whether filed by the moving party or by the adverse party, and he shall attach to the statement to portions relied upon.

Okla.Stat. tit. 12, ch. 2, app. 1, rule 13(b) (1991).

Hamilton proposed the following as controverted facts. The train did not have a light on and did not sound a warning signal at the time of the accident. These failures violated the Oklahoma Statutes. During the day of the accident, the gates had been down for extended periods with no trains passing through the crossing. Other motorists had driven around the gates to cross the tracks. For purposes of this opinion, we will assume Hamilton's proposed controverted facts to be true.

The district court entered judgment for the defendants. Hamilton appealed. In his brief on appeal, Hamilton argued summary judgement should not have been granted because: (1) There were material facts in dispute; (2) The operator of the train was negligent per se; and (3) Negligence and proximate cause are questions for a jury. The Court of Appeals agreed with Hamilton and reversed the district court. We granted certiorari.

■ Summary judgment is a procedural tool used to look beyond the pleadings and determine if there is any genuine issue of material fact. All material facts offered by the movant which are not controverted are deemed confessed. Okla.Stat. tit. 12, ch. 2, app. 1, rule 13(b) (1991). "[If] there is no substantial controversy as to any material fact and ... one of the parties is entitled to judgment as a matter of law, the court shall render judgment...." *Id.* at rule 13(e). Whether summary judgment in the present case was proper revolves around whether Hamilton's negligence was the proximate cause of his injuries.

■ The defendants urge that Hamilton was negligent per se. We agree. To constitute negligence per se, (1) the violation of a statute or ordinance must have caused the injury, (2) the harm sustained must have been of a type intended to be prevented by the statute or ordinance, and (3) "the injured party must be one of the class intended to be protected by the statute." *Ohio Casualty Ins. Co. v. Todd,* 813 P.2d 508, 510 (Okla.1991).

Sections 11–701(a)(1) and (2) of title 47 of the Oklahoma Statutes provide:

> (a) Whenever any person driving a vehicle approaches a railroad grade crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad, and *shall not proceed until he can do so safely.* The foregoing requirements shall apply when:
>
> (1) A clearly-visible electric or mechanical signal device gives warning of the immediate approach of a railroad train;
>
> (2) A crossing gate is lowered or when a human flagman gives or continues to give a signal of the approach or passage of a railroad train....

(Emphasis added.)

■ It is uncontested that the flasher warning of the approaching train was on and that the crossing gate was lowered. It is also uncontested that Hamilton stopped only briefly and did not wait to proceed

until he could do so safely. Hamilton violated section 11–701 and this violation caused Hamilton's injuries. Hamilton was within a class intended to be protected by the statute, that is a motorist, and his injury was the type intended to be prevented by the statute. Therefore, Hamilton was negligent per se.

Assuming the defendants were also negligent, Hamilton's negligence did not break the causal chain unless his actions were the proximate cause of his injury. The question then is whether Hamilton's negligent actions broke the causal chain such that the defendants' allegedly negligent actions could not have been the proximate cause of Hamilton's injuries. *See Greenwood v. Lyles & Buckner, Inc.,* 329 P.2d 1063 (Okla.1958); *Midland Valley Railroad Co. v. Mason,* 372 P.2d 40, 44 (Okla.1962).

■ The general rule is that "the causal connection between an act of negligence and an injury is broken by the intervention of a new, independent and efficient cause which was neither anticipated nor reasonably foreseeable." *Thompson v. Presbyterian Hospital, Inc.,* 652 P.2d 260, 263–64 (Okl.1982). The Court has consistently held that a vehicle nearing a railroad crossing must yield the right-of-way to an approaching train, and the operator of the train can assume the vehicle will obey the law. *Jester v. S. Louis–San Francisco Railway Co.,* 413 P.2d 539, 542 (Okla.1966); *St. Louis–San Francisco Railway Co. v. Green,* 287 P.2d 700, 702 (Okla.1955). Therefore, the defendants could have reasonably expected Hamilton to obey the law and not attempt to cross the tracks in disregard of the warnings. *See Midland Valley Railroad Co. v. Mason,* 372 P.2d 40, 44 (Okla.1962).

■ *Snodgrass v. Fort Worth & Denver Railway Co.,* 441 S.W.2d 670 (Tex.Civ.App. 1969), involved a statute identical to the one in the present case. In *Snodgrass,* the motorist approached the crossing. The warning lights were on, but the motorist merely slowed his vehicle rather than stopping. The motorist argued that the railway company was negligent because it did not have a flagman at the crossing. The

court found that the motorist's failure to obey the statute and heed the warning light were the proximate cause of his injury as a matter of law and that the motorist's actions "cut off" any liability of the railway company for failure to post a flagman at the crossing.

The analysis used in *Snodgrass* applies in the present case. The purpose of a light on the train and of a whistle would be to warn a motorist of an approaching train. The warning flasher and the lowered cross bar served that same purpose. Yet Hamilton proceeded in spite of the warnings. Hamilton's failure to obey the statute and heed the warnings broke the causal chain and were the proximate cause of his injuries.

Apparently Hamilton's position is that there is a substantial controversy as to the proximate cause of the accident and that proximate cause is always a question for the jury. Hamilton cites *Missouri–Kansas–Texas Railroad Co. v. Baird,* 372 P.2d 847 (Okla.1962), and *MKT Railroad Co. v. Chief Equipment Co.,* 421 P.2d 841 (Okla.1967), in support of his theory. These cases do not support Hamilton's position.

In *Baird,* this Court stated:

In recent years this Court has held on repeated occasions that a duty rests upon those operating a train to warn a traveler over a highway of its approach: that even though the traveler be at fault, the question of proximate cause is for the jury *where there is competent evidence showing that a warning was not given.*

*Baird,* 372 P.2d at 849 (emphasis added) (citations omitted). In the present case, it is undisputed that warnings were given. The gates were down, and the flashers warning of the approaching train were on. *Baird* does not preclude summary judgment where the material facts are undisputed.

In the syllabus of *Missouri–Kansas–Texas Railroad Co.,* 421 P.2d at 842, this Court stated:

In an action of legal cognizance, the credibility of witnesses and the weight and

value of their testimony are questions exclusively for the jury to pass upon, and *where there is any competent evidence reasonably tending to support the verdict,* such verdict and judgment pronounced thereon, will be sustained.

(Emphasis added.) The distinguishing factor in the present case is that there is no dispute of the material facts. Therefore, neither of these cases cited by Hamilton support his proposition.

■ We agree that generally the question of proximate cause is for the jury. *See Thompson v. Presbyterian Hospital, Inc.,* 652 P.2d 260, 263 (Okla.1982). But where there is no substantial dispute of material fact, the issue becomes one of law. *See id.* The trial judge correctly found that the defendants were entitled to judgment as a matter of law.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; TRIAL COURT'S JUDGMENT AFFIRMED.

LAVENDER, V.C.J., and SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

OPALA and ALMA WILSON, JJ., dissent.