McCLISH v. R. C. YOUNG FEED & SEED CO.

No. 6001.

Court of Civil Appeals of Texas. Amarillo.
Oct. 10, 1949.

Rehearing Denied Nov. 14, 1949.

Boling, Smith & Allen, Lubbock, for appellant.

Carr & Carr, Lubbock, Crenshaw, Dupree & Milam, Lubbock, for appellees.

STOKES, Justice.

The appellees, R. C. Young, Vincent Carr and Owen Bilbreath, were conducting a feed and seed business at Lubbock under the trade name of R. C. Young Feed & Seed Company. They employed the appellant, I. D. McClish, as a laborer on or about February 5, 1947. About a month after he was employed, appellant was engaged in the warehouse with another employee removing hundred-pound sacks of feed, known as shorts, from stacks in the warehouse to a truck just outside one of the doors. Appellant was taking the sacks of feed from the stacks and placing them upon a small handtruck and the other employee was operating the handtruck and removing the sacks to the door where they were loaded into the truck. There were three stacks of feed designated in the record as No. 1, No. 2 and No. 3. They were located at the north wall of the warehouse and stack No. 1 was the first stack reached, stack No. 2 was the center stack and stack No. 3 was back against the north wall. The second and third stacks reached from the floor to the ceiling, a height of ten or twelve feet. Appellant had removed the sacks from the first stack and while he was engaged in removing them from the second stack, the third stack collapsed and a number of the sacks fell upon him and injured his back. Although appellees maintained more than three employees in their business, they were not subscribers to the Workman's Compensation Act and did not carry compensation insurance. Appellant filed this suit against them for damages which he alleged he suffered as a result of the sacks of feed falling upon him and alleged that the impact resulted in a compression and fusion of the first and second lumbar vertebrae, crushing the intervertebral discs. between them and otherwise injuring his spine in the sacral area; that the injury had rendered him unable to earn more than half the wages he was capable of earning before the injury; that such impaired physical condition would continue the

greater portion of his natural life; and that he had been injured and damaged in the sum of $20,000 less such sum as was paid by appellees for medical and hospital bills following his injury, which sum was unknown to him but was known to them.

Appellees answered by a number of special exceptions, a general denial and specially pleaded that, if appellant was injured, it was the result of the manner and means used by him in removing the sacks of feed from the stacks and that the manner and means so used were the sole proximate cause of his injuries.

At the close of appellant's testimony, appellees presented to the court a motion for a peremptory instruction which was granted and the jury was instructed to return a verdict in their favor. Upon the return of such verdict, judgment was entered by the court denying appellant any relief to which he duly excepted and from which he has perfected an appeal to this court.

■ The controlling issue in the case is presented by the fifth point of error in which appellant asserts the court erred in instructing a verdict against him and in refusing to submit to the jury the issues raised by the pleadings and the evidence. Under this point he contends that the evidence showed the sacks of feed composing the third stack were not properly stacked and the stack fell upon him as a result of the improper manner in which they were placed in the stack. The second and third stacks of feed had been erected before appellant became an employee of appellees and he did not participate in the work of stacking them. The evidence does not make it clear whether any portion of the second stack fell upon appellant but it indicates all of the first stack and at least a considerable portion of the second stack had been removed before the accident, and the third stack was still intact. There was no direct proof that the feed was not properly stacked but appellant contends they were improperly stacked; that the improper stacking created an unsafe and dangerous place for him to work; and that such acts of appellees constituted negligence which was the proximate cause of his in-

jury. He contends that these assertions were supported by his own testimony to the effect that he had worked for many years in handling and stacking feed and knew how it ought to be done. He said that if feed is stacked properly, it will not fall; that the proper way to erect a stack of feed, such as that involved here, is to place the first layer out from the wall a short distance so that, when completed, the stack will have a tendency to lean against the wall and not away from it. He contends further that, while there was no direct evidence that the sacks were improperly stacked, the fact that the stack fell was a circumstance and, in itself, constituted sufficient evidence to require the court to submit the case to the jury. In support of this contention he cites us to such cases as San Antonio & A. P. Ry. Co. v. Blair, Tex.Civ.App., 184 S.W. 566, and City of Beaumont v. Silas, Tex.Civ.App., 200 S.W.2d 690. These cases and many others by the courts of this state hold generally that where the instrumentality that caused injury is under the management of the employer or his servants and the accident is such as, in the ordinary course of things, does not happen if those who have its management use proper care, it affords reasonable evidence, in the absence of explanation by the employer, that the accident arose from want of care and that, under such conditions, it is error for the court to give the jury a peremptory instruction against the plaintiff. McCray v. Galveston, H. & S. A. Ry. Co., 89 Tex. 168, 34 S.W. 95. This does not mean, however, that in every case negligence can be assumed from the mere fact that the accident happened and injury resulted. Cases occur in which the accident is of such a nature as, when considered in connection with the facts appearing and showing the accident, amount to sufficient circumstantial proof of want of care to authorize a jury to find the facts without any direct proof of the cause of the accident. It may be that the facts and circumstances surrounding the accident and resulting injury are the only proof of negligence the injured person is able to offer. This does not affect the burden of proof however.

It relates to the sufficiency of the evidence furnished by the accident itself. The burden of proof still rests upon the plaintiff in such cases to show negligence of the defendant and its proximate cause of injury. Indeed the statute itself, Article 8306, § 1, Subd., 4, Vernon's Ann.Civ.St., provides that in all cases of this kind, against an employer who is not a subscriber to the Workman's Compensation Act, it shall be necessary for the plaintiff to prove negligence of the employer or some agent or servant of his, acting within the general scope of his employment.

In our opinion, the instant case does not fall within the rule we have just discussed. There was evidence here of the manner in which the sacks of feed were stacked and the court was not relegated to an assumption as to how it was done. It is indicated by the testimony that, during the cross-examination of appellant, he and counsel for appellees demonstrated before the court and jury, by the use of some kind of cards, the proper manner in which such sacks of feed should be stacked. Two of the cards, representing two sacks of feed, were laid parallel and then two other cards, representing two other sacks, were laid upon the first two, but at right angles with them, and appellant testified that the sacks of feed should thus be laid alternately upon each other throughout the process of erecting a stack. He said that, when that was done, it had the effect of tying the sacks together and the stack would not fall. He testified further that, whoever stacked the feed, the third stack, up against the wall, was stacked in accordance with his experience of seven years of stacking stacks of feed and that the feed was stacked in accordance with the custom existing at Lubbock, as far as he knew. He said that all three of the stacks were constructed in the manner indicated by the demonstration with the cards as being the correct manner in which to stack feed. Thus it will be seen that it was not necessary to resort to an assumption as to how the feed was stacked. The testimony of appellant himself showed they were properly stacked and, if they were, appellees could not be charged with negligence in the matter of stacking them.

Appellant insists, however, that the rule of assumption must still be applied because of other testimony given by him. He refers here to his testimony that, if feed is stacked properly, it will not fall; that it was not proper to place all of the sacks in the stack against the wall but that the bottom sacks should be placed out from the wall a short distance. He said however that he did not know whether the bottom sacks were thus placed because he could not see them. His contention here is that the fact that the third stack fell and injured him was sufficient evidence that the stacks were not properly constructed. In view of his testimony that the third stack was properly constructed, this contention is confined to that portion of it which he could not see, that is, the lower portion, and necessarily refers to the question of whether or not the bottom sacks were placed up against the wall or out a short space from it. Since there is no testimony that the bottom sacks were placed against the wall, instead of a short distance away from it, if we should conclude they were so placed, it would be purely an assumption. And, since there is no evidence of what caused the stack to fall, if we should conclude that it fell because the bottom sacks were placed against the wall, instead of a short distance from it, such conclusion would be another assumption. This would be basing one assumption upon another and the rule is well established that a fact-presumption cannot rest upon a fact presumed. The fact relied upon to support the presumption must be proved and no inference can be drawn except one which rests upon facts established by legal and competent evidence. Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112; Ft. Worth Belt R. Co. v. Jones, 106 Tex. 345, 166 S.W. 1130; Missouri Pac. Ry. Co. v. Porter, 73 Tex. 304, 11 S. W. 324.

In his supplemental brief, appellant contends that, if he did not make a case for the jury by direct testimony under his theory that appellee was negligent.

914

in not furnishing him a safe place in which to work, then, in the alternative, he invokes the doctrine of res ipsa loquitur, that is, the appellees' superior knowledge of the conditions which caused the accident enabled them to produce proof of what caused it and, if they failed to do so, negligence should be assumed. It is well settled that, where the plaintiff pleads specific acts of negligence and does not rest his case upon general allegations or specifically inform the defendant by his pleading that he expects to rely upon the doctrine of res ipsa loquitur, he is not entitled to invoke it. Appellant did not content himself with general allegations of negligence nor include in his pleading any allegation that would indicate his intention to rely upon the doctrine of res ipsa loquitur. He alleged that the tiers or stacks of feed which fell upon him were not properly and safely stacked but were stacked improperly; that they were leaning and top-heavy; that they had been placed upon other sacks of feed in an insecure position and that appellees' negligence in so placing and stacking them was the direct and proximate cause of the stack falling upon and injuring him. He was therefore not entitled to whatever benefits the doctrine of res ipsa loquitur might have afforded him, even if that doctrine was applicable to the case. Missouri, K. & T. R. Co. of Texas v. Thomas, 63 Tex. Civ.App. 312, 132 S.W. 974; Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659; Rankin v. Nash-Texas Co., Tex.Com.App., 105 S.W.2d 195; Universal Atlas Cement Co. v. Oswald, 138 Tex. 159, 157 S.W.2d 636.

Appellant urges other assignments of error, relating principally to alleged errors of the court in overruling his special exceptions to certain allegations of the appellees, in which he contends that they had thereby invoked the doctrine of contributory negligence which is not applicable in a case of this kind, where the employer maintains more than three employees and is eligible to, but does not, subscribe to the Workman's Compensation Act and maintain industrial insurance for his employees. Since, in our opinion, he did not make out a case by his evidence which required its submission to the jury, these assignments become immaterial and we do not deem it necessary to discuss them in detail.

We have carefully examined all of the contentions made by appellant and, in our opinion, the court did not err in giving to the jury a peremptory instruction in favor of the appellees. The judgment of the court below will therefore be affirmed.