**JOHN R. FRANCIS BUILDING COMPANY, INC., Appellant,**

v.

**BOB MEADOR COMPANY, INC., Appellee.**

No. 1029.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 18, 1974.

---

John B. Patrick, Francis, Patrick & Robertson, Henry P. Giessel, Alice Giessel, Talbert Giessel & Stone, Houston, for appellant.

James B. Sales, Fulbright & Jaworski, Houston, for appellee.

TUNKS, Chief Justice.

In this case the appellant, John R. Francis Building Company, Inc. (Francis), as plaintiff in the trial court, sought to recover judgment against Bob Meador Company, Inc. (Meador) for damage to a house owned by Francis. The damage to the house was caused by fire.

The case was tried to a jury. At the close of plaintiff's testimony, the defendant moved for instructed verdict. The defendant's motion was granted and the trial court rendered judgment that the plaintiff take nothing. Francis has perfected appeal to this Court.

We affirm the judgment of the trial court that there was no evidence that Meador was guilty of negligence, as pled by Francis, which caused the house to burn.

Francis, a home builder, built the house in question. Meador contracted for the installation of the central air conditioning system in the house. The house was completed except for the installation and connection of the compressor for the air conditioning. In connecting the compressor, a welding machine was used. Francis pled that the use by Meador's employee of the welding machine caused the fire. He pled

two specific acts of negligence: one, the use of a defective welding machine, and two, the negligent use of the welding machine so as to cause sparks to escape from it and ignite the house.

At the jury trial, the evidence consisted of the testimony of John R. Francis, Jr., the shareholder of the appellant corporation, a deed of conveyance of the property where the fire occurred from the subdivision developer to appellant, and ten photographs of the destroyed house taken by Francis after the fire. Francis testified that on the day of the fire, he drove by the house some time between 9:00 and 10:30 a. m. At that time, he observed a man, whom he had seen on prior occasions working for appellee. This man was unloading an air conditioning compressor off a truck identified as belonging to appellee. Francis said that the air conditioning work was the only work being done on the house that day. He left the area, and when he returned between 11:30 and 12:00 noon, the house was on fire. Francis described the procedure for installing an air conditioning compressor and offered the theory that appellee's employee was negligent in hooking the compressor to the tubing in the wall of the house. Under this theory, he contended that the employee was negligent in the use of acetylene torch, which is used to solder the tubes from the compressor to the tubes coming out of the wall. He pointed to one of his photographs of short three- to four-inch tubes coming out of the wall, and testified that it is customary for these tubes to extend two feet on the exterior of the house. He said that to solder such short tubes, one must take precautions or the flame from the torch could easily enter the hole in the wall and ignite the insulating material found therein. Francis testified that appellee had installed the air conditioning evaporator in the attic and the wiring leading down the wall to the hole where the compressor was hooked up. Between the exterior brick veneer and the inside wall of the house was free flowing air. In case of fire, Francis said this

air space would act like a chimney and carry the hot air up to the attic. He said that although the attic and upper story were destroyed, the only damage to the first story, other than smoke damage, was in the wall where the copper leading to the compressor was located. He testified that it is his experience that most fire damage occurs toward the top of a building.

■ Negligence and causation may be established by circumstantial evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273 (1958). But neither negligence nor causation will be presumed. East Texas Theatres, Inc. v. Rutledge, 453 S.W.2d 466 (Tex.Sup.1970); Texas & P. Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3 (1910); McGill v. Minyard's Food Stores, Inc., 417 S.W.2d 309 (Tex.Civ.App.-Dallas 1967, writ ref'd n. r. e.). Nor can one presumption be based upon another presumption nor an inference of fact upon other inferences. Hamilton v. Newbury, 412 S. W.2d 801 (Tex.Civ.App.-Dallas 1967, writ ref'd n. r. e.). "The fact relied upon to support the presumption must be proved and no inference can be drawn except one which rests upon facts established by legal and competent evidence." McClish v. R. C. Young Feed & Seed Co., 225 S.W.2d 910, 913 (Tex.Civ.App.-Amarillo 1949, writ ref'd). 3 R. McDonald, Texas Civil Practice, § 11.28.3, at 240–41 (1970).

■ The mere happening of damage by fire is no evidence of a defect in the welding machine or that it was used so as to permit sparks to ignite the house. See Mustang Aviation v. Ridgway, 231 S.W.2d 677 (Tex.Civ.App.-Dallas 1950, writ ref'd); Ablon v. Hawker, 200 S.W.2d 265 (Tex. Civ.App.-Dallas 1947, writ ref'd n. r. e.). In Bass v. General Motors Corporation, 447 S.W.2d 443 (Tex.Civ.App.-Fort Worth 1968, writ ref'd n. r. e.), an automobile owner sued the manufacturer and dealer for damages caused by a fire which started when the vehicle was parked and unoccupied. The plaintiff claimed that the electrical wiring was faulty and that this was the cause of the fire. He also admitted that he had loosened the wiring leading to the horn the day before the fire occurred, thus leaving live wires exposed under the hood. Moreover, he could not rule out the possibility that someone had tampered with the car while it was parked and unattended. The Court held that there was no evidence that the wiring was faulty and no evidence of negligence on the part of the manufacturer for its construction and design of the vehicle or on the dealer's part for failure to inspect and repair. This case presents a somewhat analogous fact situation. Appellant can point to no negligent act or omission on the part of appellee or any of its employees. Francis saw a man at the house on the morning of the fire unloading an air conditioning compressor off a truck bearing appellee's firm name. This man was one he had seen on prior occasions working for appellee. Francis was away from the house for at least an hour before returning and discovering the fire. He infers from these facts, plus his knowledge that no other work than air conditioning installation was scheduled for that day, that the man he observed earlier was negligent in his work as alleged and that this negligence was a proximate cause of the fire. But Francis does not exclude the possibility that other persons were in the house during his absence or that the fire was started in some other way than by the alleged negligent acts in the installation of an air conditioning compressor.

The case of Collier v. Hill & Hill Exterminators, 322 S.W.2d 329 (Tex.Civ.App.– Houston 1959, no writ), on which appellant relies, is distinguishable. In Collier, there was no direct evidence that the poison placed in a home by an exterminating company was the cause of a child's death. But, the evidence showed that she died from eating the same kind of poison that was used by the exterminators, and the circumstantial evidence made it much more

probable than not that the source of the poison she ingested was that left by the exterminators.

 Appellant's reliance on Huie v. Lone Star Air Conditioning Company, 486 S.W.2d 182 (Tex.Civ.App.–Waco 1972, writ ref'd n. r. e.), is also misplaced. Although the facts are somewhat similar to the case at bar, in Huie there was direct testimony by the workman whose negligence was sought to be established that he did certain work in an apartment on the day before a fire. There was also expert testimony by affidavit that, assuming all the facts in the plaintiff's favor, the workman's acts were the cause of the fire. More importantly, however, is the fact that Huie was an appeal from a summary judgment and the burden of proof was on the defendant to conclusively disprove the plaintiff's cause of action or to establish one or more defenses as a matter of law. In an appeal from a directed verdict, the burden of proof to make out a cause of action is on the plaintiff. Glenn v. Prestegord, 456 S.W.2d 901 (Tex.Sup.1970); Hogue v. El Paso Products Company, 507 S.W.2d 246 (Tex.Civ.App.-El Paso 1974, no writ). Under the facts of this case, we hold that appellant, John R. Francis Building Company, Inc., has failed to discharge its burden of proof that Meador's employee committed the alleged negligent acts and that these acts caused the fire.

Appellant contends that even if it is unable to show specific acts of negligence on the part of appellee, the doctrine of res ipsa loquitur applies to relieve it of the obligation of showing specific acts of negligence by appellee. Appellee contends that appellant is not entitled to rely on this theory because he neither pled it or otherwise gave notice that he intended to rely on it, nor did he seek a trial amendment or assert that the doctrine applied before his motion for new trial.

 The doctrine of res ipsa loquitur may not be invoked where the petition recites specific acts of negligence on the part of the defendant and does not rely on general allegations of negligence or alternatively, specifically state that the plaintiff will rely on res ipsa loquitur. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 200 (Tex.Comm'n App.1937, opinion adopted); Terry v. Buttercup Oil Corporation, 487 S.W.2d 169, 173 (Tex.Civ.App.-San Antonio 1972, writ ref'd n. r. e.); McClish v. R. C. Young Feed & Seed Co., *supra,* 225 S.W.2d at 914.

Appellant has failed to properly plead res ipsa loquitur and is thus unable to invoke that doctrine now.

Affirmed.