SYSTECH FINANCIAL CORPORATION,
Appellant,

v.

B. W. VAUGHN, Appellee.

No. 1048.

Court of Civil Appeals of Texas,
Tyler.

Nov. 3, 1977.

Russell W. Schell, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

Dan N. Ratner, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a directed verdict granted against the appellant Systech Financial Corporation, plaintiff below, and in favor of the appellee B. W. Vaughn, defendant below. This suit arose from a fire that broke out on April 24, 1973, in apartment 110 of the Monterrey Apartments in Dallas. The appellant owned these apartments and the appellee resided in apartment 110. The appellant instituted suit alleging negligent use of smoking materials and, alternatively, negligent disposal of smoking materials by the appellee. Apartment 110 was the only apartment damaged and the damages were stipulated to be $1,435.02.

At the trial of the cause, the appellant proceeded with evidence showing that the appellee was in fact the tenant in apartment 110, that the appellee did smoke, and that the fire did start in a sofa in the living room of the apartment. The appellant also put on testimony by a Dallas Fire Department investigator that the fire in his opinion was caused by careless smoking on the sofa in question. At the close of the appellant's case, the appellee moved for a directed verdict.

This motion for directed verdict was granted by the trial judge on the basis there was no probative evidence to support the submission of this negligence case to the jury, i. e., that the evidence was merely an inference on an inference. The sole point of error before us is whether the trial court erred in instructing a verdict for the appellee because sufficient probative evidence of appellee's negligence was presented by the appellant to create a fact issue for jury determination. We overrule appellant's point of error.

This case is controlled by *Alamo Gas Co. v. Stephens,* 259 S.W.2d 729, 735 (Tex.Civ. App.—Austin 1953, writ ref'd n. r. e.), where it is stated:

"A presumption of fact cannot rest upon a fact presumed, or in other words, one

presumption cannot be based upon another presumption nor an inference of fact upon other inferences. . . . Facts may be established circumstantially, but the circumstances themselves must be shown by direct evidence, and cannot be inferred from other circumstances; . . . ."

The appellant is attempting to prove his case by pyramiding inferences. The testimony shows that the appellee spent very little time during the morning in question near the sofa where the fire originated. There is testimony to place the appellee sitting on the opposite end of the sofa from which the fire started. No direct evidence shows appellee was smoking on the sofa during the morning in question. To find he was smoking on this sofa, the jury must infer it from the testimony regarding his smoking habits. Once indulging in this inference, then the jury must take another step and further infer that appellee was smoking carelessly. After making the second inference, the jury must make a third inference that such careless smoking was the cause of the fire.

There is no direct testimony allowing us to pyramid these inferences; consequently, we hold that the testimony in this case, at best, arouses a mere surmise or a suspicion of the negligence of the appellee. *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (1898).

Appellant-plaintiff has the burden to establish its alleged cause of action against appellee by legal and competent evidence, i. e., that appellee did, in fact, by negligent use of smoking material or by negligent disposal thereof cause the fire which damaged the apartment. We do not think the appellant has discharged its burden. *Arkansas-Louisiana Gas Co. v. J. D. Warren*, 460 S.W.2d 460 (Tex.Civ.App.—Tyler 1970, n. w. h.); *Mobile, Inc., d/b/a Mobile Well Service v. Cone*, 457 S.W.2d 175 (Tex.Civ. App.—Tyler 1970, writ ref'd n. r. e.); *Imperial Casualty & Indemnity Co. of Omaha, Nebraska v. Terry*, 451 S.W.2d 303 (Tex.Civ. App.—Tyler 1970, n. w. h.).

Evidence that it is possible that the appellee caused the fire here involved cannot be accepted as evidence he did so. It must be proved. *Leatherwood Drilling Co. v. TXL Oil Company*, 379 S.W.2d 693, 697 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.); *Bowen v. East Texas Hospital Foundation*, 400 S.W.2d 843, 849 (Tex.Civ.App.— Tyler 1966, writ ref'd n. r. e.); *Arkansas-Louisiana v. Warren*, supra, and *Mobile, Inc. v. Cone*, supra. The granting of an instructed verdict for the appellee was correct. *Texas & N.O.R. Co. v. Compton*, 135 Tex. 7, 136 S.W.2d 1113, 1115 (1940).

The judgment of the trial court is affirmed.