Earl F. JONES, et ux., Appellant,

v.

TARRANT UTILITY CO., Appellee.

No. 18542.

Court of Appeals of Texas,
Fort Worth.

Dec. 31, 1981.

Rehearing Denied Jan. 28, 1982.

---

**913**

Robert J. Wilson & Associates, Inc. by Robert J. Wilson, Burleson, for appellant.

Brown, Herman, Scott, Dean & Miles and Grant Liser, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from the trial court's withdrawal of the case from the jury, rendering judgment that appellants take nothing.

The suit is to recover damages alleged to have been caused by water from appellee's storage tanks flowing onto appellants' land and pooling around the foundation of their building.

After the close of evidence by both parties, the trial court determined that on the evidence there was no issue for the jury, and appellee was entitled to judgment as a matter of law.

We affirm.

Appellants alleged that the appellee was guilty of intentional or negligent trespass or, in the alternative, of maintaining a nuisance.

They did not allege any specific act of negligence, but pled their intent to rely on the doctrine of *res ipsa loquitur.*

Their points of error assert that the evidence was sufficient to require submission of issues to the jury on each theory of recovery.

Appellee's counterpoints contend that there is no evidence (a) of negligence on its part, (b) on which to invoke the doctrine of *res ipsa loquitur,* or (c) that the appellee maintained a nuisance or committed intentional trespass.

The evidence shows that the appellants owned land on which they constructed a cinder-block building to house their commercial skating rink. The footing for the cinder-blocks is a one foot wide concrete base which is the building's only foundation.

Appellant Earl Jones testified that he erected the building in 1961 or 1962, and that the structure measures 105' × 155'. The floor was built separate from the foundation which underlies the cinder-blocks.

Mr. Jones testified that he built the floor directly on the earth. First he placed a 2" thick layer of asphalt, on top of which 2" × 6" plank floor joists were installed. The skating surface was made of maple flooring laid on the joists and spacers.

A few years after the building was completed, appellants decided to subdivide their surrounding land into lots.

To gain water service for the proposed subdivision and neighboring properties, appellants donated part of their land to the appellee to be used as the site for a water distribution system.

Appellee built water storage tanks on an elevated knoll adjacent to the land on which appellants' skating rink is situated. The contour of the land was such that rainfall runoff, as well as any overflow from appellee's tanks, would drain downhill onto appellants' land and remain beside their building until absorbed into the ground or evaporated.

The evidence showed that the water tanks were equipped with sensor devices designed and intended to cut off the water flow inside each tank at a predetermined level, to prevent overflow.

The sensors were the property of Southwestern Bell Telephone Company and utilized telephone lines to connect the devices to the pumps located on appellee's water wells at other sites. The sensors were maintained by the telephone company.

Appellants testified that they had seen water overflowing from appellee's tanks, draining on numerous occasions onto the skating rink property. In 1977, they began to notice damage to their building, including cracks in cinder-blocks and warpage in the maple skating floor.

## TRESPASS

■ In Texas, trespass to land is classified as a willful or intentional wrong. *General Telephone Co. of S. W. v. Bi-Co Pavers, Inc.*, 514 S.W.2d 168 (Tex.Civ.App.—Dallas 1974, no writ); *Michels v. Crouch*, 122 S.W.2d 211 (Tex.Civ.App.—Eastland 1938, no writ).

■ Appellants alleged, as their cause of action for trespass, that the appellee intentionally or negligently *caused and allowed* the water to flow from the storage tanks onto appellants' property.

Having examined the entire statement of facts, we find no evidence as to who or what may have caused the water flow.

However, had there been such evidence before the trial court, trespass would not have been a proper theory on which to form special issues for submission to the jury.

■ Recovery of damages for the escape of stored waters depends upon proof of negligence. *Turner v. Big Lake Oil Co.,* 128 Tex. 155, 96 S.W.2d 221 (1936); *Moran Corporation v. Murray,* 381 S.W.2d 324 (Tex. Civ.App.—Texarkana 1964, no writ); *Bexar Metropolitan Water District v. Kuntscher,* 274 S.W.2d 121 (Tex.Civ.App.—San Antonio 1954, no writ).

## NEGLIGENCE

■ The essential elements of actionable negligence are (1) a legal duty owed by one person to another, (2) a breach of that duty and (3) damage proximately caused by that breach. *Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627 (Tex.1976).

■ Failure to perform a legal duty is never presumed as a fact but must be proven. *Jones v. Nafco Oil and Gas, Inc.,* 380 S.W.2d 570 (Tex.1964).

■ If negligence is shown to exist, it must be shown to be a proximate cause of the damages sustained, for not every act of negligence is a proximate cause. *Cannady v. Dallas Ry. & Terminal Co.,* 219 S.W.2d 816 (Tex.Civ.App.—Fort Worth 1949, no writ).

■ It is true that negligence and causation may be established by circumstantial evidence. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273 (1958). However, neither negligence nor causation will be presumed. *East Texas Theatres, Inc. v. Rutledge,* 453 S.W.2d 466 (Tex.1970).

■ In reading the statement of facts, we find no evidence that the tanks were negligently built, maintained, or operated by appellee. There is no evidence as to how or why an overflow occurred.

Appellants infer that since water drained onto their property, appellee was therefore negligent in maintaining, or operating the tanks. Appellants further infer that such negligence caused the overflow; and then infer that was a proximate cause of damage to the skating rink.

The law does not permit one inference of fact to be based upon another; nor one

presumption to be based upon another. *John R. Francis Building Co., Inc. v. Bob Meador Co., Inc.,* 517 S.W.2d 693 (Tex.Civ. App.—Houston [14th Dist.] 1974, no writ).

"The fact relied upon to support the presumption must be proved and no inference can be drawn except one which rests upon facts established by legal and competent evidence." *McClish v. R. C. Young Feed & Seed Co.,* 225 S.W.2d 910, 913 (Tex.Civ.App. —Amarillo 1949, writ ref'd.).

The evidence in the record does not include proof of any act of negligence by appellee, and injury or damage is not ipso facto evidence of negligence. *Brown Exp. Co., Inc. v. Burns,* 608 S.W.2d 291 (Tex.Civ. App.—Waco 1980, no writ).

The record also contains no explanation by appellants as to why they could not produce evidence of specific acts of negligence by the appellee.

## RES IPSA LOQUITUR

■ Under the doctrine of *res ipsa loquitur,* a complaining party is entitled to base an inference of negligence upon circumstantial evidence of negligence. *Goodpasture, Inc., v. Hosch,* 568 S.W.2d 662 (Tex.Civ.App. —Houston [1st Dist.] 1978, writ dism'd.).

He is required to show, however, that his damage is such that it would not ordinarily occur in the absence of negligence and that the instrumentality causing the damage was under the defendant's management and control. *Mobil Chemical Company v. Bell,* 517 S.W.2d 245 (Tex.1974).

■ We find no evidence in the record whether an overflow would or would not ordinarily occur in the absence of negligence. We do find uncontroverted evidence that the cutoff control sensors were the property of and maintained by the telephone company.

We hold that the doctrine of *res ipsa loquitur* is not applicable under the evidence in this case.

## NUISANCE

■ The evidence shows that the appellee's water business was a lawful one con-

**916**

ducted on its own land. It was not a nuisance per se.

Appellee's liability for maintaining a nuisance, therefore, was dependent upon proof of negligence in the operation of the water tanks. *Lacy Feed Company v. Parrish*, 517 S.W.2d 845 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.).

Since the record contains no evidence of specific acts of negligence, the trial court could not have submitted issues to the jury based on a theory of nuisance.

### WITHDRAWAL FROM JURY

Appellee's manager testified that any malfunctions in the cutoff sensors would have to be repaired by the telephone company, not the appellee.

Appellee's expert witness Bruce Martin, a licensed engineer, testified as to his inspection of the appellants' land and building. He also testified as to the analysis of the soil at that site.

Mr. Martin testified that in his opinion the appellants' problems were attributable to the building's leaky roof, its age, lack of adequate foundation, normal soil shifting, normal expansion and contraction of cinderblocks in hot and cold weather, and rainwater runoff.

It was essential to appellants' case that they establish beyond the point of conjecture that negligence of the appellee caused their damages. The law does not permit liability to be founded upon speculation and conjecture. *Lenger v. Physician's General Hospital, Inc.*, 455 S.W.2d 703 (Tex.1970).

When the evidence shows that damages may have occurred by reason of more than one proximate cause, and the jury can only guess or speculate as to which one was the proximate cause, the court may not submit that task to the jury. *Lenger, supra.*

There is no probative evidence of negligence by appellee being the proximate cause of appellants' damage.

Appellants' points of error are overruled.

Judgment of the trial court is affirmed.