**R.J. REAGAN CO., Appellant,**

v.

**Wilbur KENT, Appellee.**

No. 12–82–0054–CV.

Court of Appeals of Texas,
Tyler.

May 26, 1983.

Rehearing Denied Aug. 4, 1983.

O. Charles Buenger, III, Waco, for appellant.

Ralph Zeleskey, Lufkin, for appellee.

COLLEY, Justice.

This is an appeal from the trial court's action in sustaining appellee Kent's plea of privilege as third-party defendant in a suit by the Allen M. Campbell Co. against the appellant herein, the R.J. Reagan Co., and others. The Campbell Co. was the general contractor in the construction of the Stephen F. Austin University Library; appellant Reagan Co. was the subcontractor responsible for the construction of the roof on said building; appellee Kent was the architect, under contract with the university, responsible for designing the library. After said roof began exhibiting signs of damage blistering possibly due to moisture accumulation therein, the Campbell Co. sued the Reagan Company for damages based on its contract with the Reagan Co. Appellant filed its third party action against appellee Kent, seeking indemnification of any amounts which might be adjudged against it in the suit, and alleging Kent was responsible for designing and supervising the roof construction and failed to supervise the work properly, thereby causing the damages incurred. Kent, a resident of Angelina County, Texas, filed his plea of privilege which was sustained below.[1]

■ Appellant's two points of error assert that the third-party action is maintainable in the county of suit pursuant to Article 1995, Subsection 9a, T.R.C.S., because (1) appellant's prima facie case of negligence was uncontroverted by Kent, and (2) "there is no sufficient evidence of probative force to support the judgment [order] of the [t]rial [c]ourt." We affirm said order sustaining Kent's plea of privilege.

1. Campbell Co.'s county of residence is Smith County; Reagan Co.'s county of residence is McLennan County.

Article 1995, Subsection 9a, Tex.Rev.Civ. Stat.Ann., reads as follows:

9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the tort-feasor, in person, or that of his servant, agent or representative acting within the scope of his employment, or that of the person whose estate the defendant represents as executor, administrator, or guardian.

3. That such negligence was a proximate cause of plaintiff's injuries.

The traditional elements required to establish negligence may be stated as follows:

1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks;

2. A failure on his part to conform to the standard required;[2]

3. A reasonable close casual connection between the conduct and the resulting injury; and

4. Actual loss or damage resulting to the interests of another.

Prosser, Law of Torts Section 30, at 143 (4th ed. 1982); See *Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627 (Tex. 1976); and *Jones v. Tarrant Utility Co.,* 626 S.W.2d 912, 915 (Tex.App.—Fort Worth 1981) *rev'd on other grounds,* 638 S.W.2d 862 (Tex.1982). Therefore, in order to defeat Kent's plea of privilege, appellant must prove a prima facie case that Kent negligently breached a duty (or standard of care) owed to appellant roofing company.

We have examined the transcript of the case and find no contract or other written memoranda between the parties herein (to this appeal) imposing a duty, nor do we find Kent's contract with the university. Therefore, we must look solely to the evidence found in the testimony at the plea of privilege hearing.

■ The facts are uncontroverted concerning the cause of the damages to the roof. The statement of facts tells us that while the Reagan Co. was building the roof, the general contractor ordered the company to cease work to allow work on the remainder of the building; the roof was designed by Kent; the specifications stated the roof to be completed in one application as it was made of several layers that needed to be applied together to prevent moisture; the Reagan Co. left the job site after applying only the first "felt" layer; when the Reagan Co. returned four months later the roof had been subjected to approximately two inches of rain; the roofers could have used several methods of drying the roof (such as a blow torch); the roofer failed to use any of these methods because the roof had been exposed to the sun for several days prior to completion of the work; appellant obtained Kent's "permission" to proceed to complete the roofing work; that "blistering" occurred later, demonstrating that water had "migrated" throughout the roof prior to completion, resulting in the damages; and that Kent was under contract with the university, had a duty to notify the school of deviation from the specifications. The record does not show that appellant worked under Kent's supervision in the construction of the roof. Where no duty exists, no legal liability can arise on account of negligence. *Group Life & Health Ins. Co. v. Brown,* 611

**2.** Prosser then makes this statement in explanation:

These two elements [1 and 2] go to make up what the courts usually have called negligence; but the term quite frequently is applied to the second alone. *Thus it may be said that the defendant was negligent, but is not liable because he was under no duty to the plaintiff not to be.* (Emphasis added.)

S.W.2d 476, 480 (Tex.Civ.App.—Tyler 1980, no writ), citing 40 Tex.Jur.2d Negligence sec. 5, p. 122.

As for appellant's allegations that Kent designed a defective roof, there is nothing in the record before us to show any defect in the design, only a defect in the workmanship. Under the facts shown by the record, we hold that Kent owed no duty to appellant to advise it about the proper method of construction of the roof. Since no duty existed, no cause of action for negligence was established against Kent. Appellant, then, failed to establish its prima facie case of negligence against Kent, which was necessary to carve an exception (9a) to the general venue rule, Art. 1995, V.A.C.S. Appellant's two points of error are overruled and the trial court's order sustaining the plea of privilege is affirmed.