TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00390-CV






Gary Pools, Inc., Appellant



v.



Lorena S. McCaffety, f/k/a Lorena S. Strawhecker, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 96-13426, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING 







 Appellant Gary Pools, Inc. ("Gary Pools") appeals a trial court judgment awarding
appellee Lorena McCaffety ("McCaffety") damages based on a jury's findings that appellant failed
to perform its contract in a "good and workmanlike manner." We will affirm.


BACKGROUND

 In June 1993, Lorena McCaffety and Gary Pools entered into a contract for Gary
Pools to construct a swimming pool for McCaffety. The contract provided a payment schedule
with four installments and specified the following warranty: "[Gary Pools] shall build and
complete the pool and related work in a workmanlike manner leaving the jobsite and pool in a
clean and fully operational condition." Gary Pools commenced construction of the swimming
pool, and McCaffety paid the first three installments in accordance with the contract. As
construction neared completion, McCaffety noticed several defects, most significantly a two-inch
crack at the deep-end of the pool. McCaffety notified Gary Pools that she would withhold
payment of the final installment until Gary Pools remedied the defects. After Gary Pools failed
to respond, McCaffety engaged the services of a professional engineer to inspect the pool and
report on its condition. Gary Pools in turn filed a mechanic's lien to secure payment of the final
installment. McCaffety subsequently sued Gary Pools on the theories of breach of contract,
breach of express and implied warranties, and to quiet title for removal of the mechanic's lien. 
A jury found that Gary Pools had failed to construct the pool in a "good and workmanlike
manner" and awarded McCaffety $36,000 in actual damages. After the trial court denied Gary
Pools' motion for a new trial, Gary Pools brought this appeal. 


DISCUSSION

 Gary Pools raises three points of error, claiming the trial court erred in submitting
the first jury question and contending the evidence was legally and factually insufficient to prove
that Gary Pools failed to perform in a good and workmanlike manner and to sustain the award of
damages. 


Alleged Error in the Charge

 In its third point of error, Gary Pools claims that the trial court erred by including
the word "good" in the first jury question, which asked, "Did Gary Pools, Inc. fail to complete
the construction of the swimming pool in question in a good and workmanlike manner?" Gary
Pools complains that inclusion of the word "good" expanded its liability beyond the express
warranty of "workmanlike" in the contract and constituted an improper comment on the weight
of the evidence. We review jury charge error under an abuse of discretion standard. See Texas
Dep't of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990); St. Joseph Hosp. v. Wolff, 999
S.W.2d 579, 593 (Tex. App.--Austin 1999, pet. filed).

 The contract at issue is a form contract drafted by Gary Pools. By its terms, Gary
Pools agreed to construct the swimming pool in a workmanlike manner. Nowhere in the contract
is the term "workmanlike" specifically defined. Undefined contract terms are to be given their
plain, ordinary, and generally accepted meaning. See Heritage Resources, Inc. v. Nations Bank,
939 S.W.2d 118, 121 (Tex. 1996). The plain meaning of "workmanlike" is that which is "worthy
of a good workman." Webster's Third New International Dictionary 2635 (Philip B. Gove ed.,
1986) (emphasis added). Because the definition of "workmanlike" encompasses the quality of
"good" work, including the latter term in the charge did not expand Gary Pools' liability beyond
the scope of the contract and therefore did not constitute an abuse of discretion.

 Gary Pools also argues that inclusion of the word "good" constituted an improper
comment on the weight of the evidence. Gary Pools made no such argument to the trial court. 
In its objection to the first jury question, Gary Pools primarily asserted that inclusion of "good"
expanded its liability beyond the contract. Gary Pools concluded its objection by stating,
"submission of the question, 'good and workmanlike manner,' with the accompanying instruction
of 'good and like [sic] manner,' what that means is a -- is improper and constitutes an improper
comment by the Court on the burden placed upon Gary Pools with reference to the construction
of the pool." (Emphasis added.) Nothing in this objection alleged that inclusion of the word
"good" constituted a comment on the weight of the evidence, and thus Gary Pools has failed to
preserve this argument. See Tex. R. App. P. 33.1(a)(1)(A) (requiring specific complaint to trial
court to preserve error for appeal). 

 Even if error had been preserved, inclusion of the word "good" would not
constitute an improper comment on the weight of the evidence. An improper comment on the
weight of the evidence suggests to the jury the trial judge's opinion on the question asked or
assumes the truth of a material, controverted fact. See Ferguson v. DRG/Colony N., Ltd., 764
S.W.2d 874, 886 (Tex. App.--Austin 1989, writ denied). Inclusion of the word "good" in this
case did neither. We overrule Gary Pools' third point of error. 


Sufficiency of Evidence

 In its first two points of error, Gary Pools argues that the evidence presented at trial
is legally and factually insufficient to prove breach of contract and damages. To review the
evidence under a legal sufficiency point, we consider the evidence in the light most favorable to
the prevailing party, indulging every reasonable inference in that party's favor. See Associated
Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998); Transportation
Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994); Best v. Ryan Auto Group, 786 S.W.2d 670,
671 (Tex. 1990). We will uphold the finding if more than a scintilla of evidence supports it. See
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). When reviewing a jury
verdict to determine the factual sufficiency of the evidence, we must consider and weigh all the
evidence and should set aside the judgment only if the evidence is so weak or so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

Failure to Perform in a Good and Workmanlike Manner 

 In its first point of error, Gary Pools argues that there is no evidence or, in the
alternative, insufficient evidence to support the jury's finding that Gary Pools breached its contract
by failing to complete McCaffety's pool in a good and workmanlike manner. At trial,
McCaffety's engineer, Steve Nelson, enumerated seven possible causes for the pool cracking,
stated that the list was exhaustive, and testified that all seven causes were under the exclusive
control of Gary Pools. (1) Gary Pools argues that evidence establishing that one of the seven
deficiencies could have caused the cracking is insufficient to establish that one of the factors
actually did cause the cracking. Gary Pools asserts that McCaffety was required to prove which
specific deficiency actually caused the cracking. 

 In support of its argument, Gary Pools cites numerous tort cases in which courts
ruled there was insufficient evidence to prove that certain fires had been negligently caused. See
Systech Fin. Corp. v. Vaughn, 558 S.W.2d 105 (Tex. Civ. App.--Tyler 1977, no writ); John R.
Francis Bldg. Co. v. Bob Meador Co., 517 S.W.2d 693 (Tex. Civ. App.--Houston [14th Dist.]
1974, no writ); Bass v. General Motors Corp., 447 S.W.2d 443 (Tex. Civ. App.--Fort Worth
1968, writ ref'd n.r.e.). The courts in those cases reasoned that because the evidence merely
raised the possibility the alleged tortfeasors might have caused the fires in question, the evidence
was insufficient to prove they actually had caused the fires. See Systech, 558 S.W.2d at 106;
Francis Bldg. Co., 517 S.W.2d at 695-96; Bass, 447 S.W.2d at 446-47. These cases offer little
guidance for a number of reasons. The cases cited by Gary Pools are tort cases analyzed under
a negligence rubric. The present case involves a breach of contract, and Gary Pools offers no
argument why we should apply a negligence analysis. Furthermore, fires by their very nature
often destroy critical evidence, making it difficult to either prove or disprove their cause or
causes. Additionally, in such fire cases, all possible causes of the fire are usually not under the
control of a single actor. 

 Here, Nelson testified that there were only seven possible causes of the cracking. 
Gary Pools' own engineering expert conceded that the list was comprehensive. The evidence was
uncontroverted that these seven factors were under the exclusive control of Gary Pools. We are
unwilling to accept Gary Pools' argument that because McCaffety cannot specify which of the
seven failings actually caused the cracking, McCaffety has failed to prove that Gary Pools is
responsible for the defective condition. Whichever factor ultimately caused the damage is
irrelevant; because there is evidence in the record that only these seven factors could have caused
the damage and they were all within Gary Pools' exclusive control, any one of these acts or
omissions constituted a failure to perform in a good and workmanlike manner. 

 Gary Pools also contends that the jury did not give proper weight to testimony by
Gary Pools' witnesses that the pool was in fact built in a good and workmanlike manner and that
the cracking could have resulted from factors not specified by Nelson. The jury is the sole judge
of the credibility of witnesses and the weight to be given their testimony and is entitled to accept
or reject all or any part of a witness' testimony. See ONI, Inc. v. Swift, 990 S.W.2d 500, 502
(Tex. App.--Austin 1999, no pet.). Considering the evidence in the light most favorable to the
verdict, we determine that there is more than a scintilla of evidence from which a jury could
reasonably have found that Gary Pools failed to build the pool in a good and workmanlike
manner. And reviewing the record as a whole, we hold that the jury's finding is not "so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust." Cain, 709
S.W.2d at 176. We overrule Gary Pools' first point of error.


Damages

 In its second point of error, Gary Pools argues that there is legally and factually
insufficient evidence to support the amount of damages awarded. The jury awarded $36,000 in
response to a damage inquiry that included the following instruction:


 Answer in dollars and cents, if any, for the reasonable and necessary cost
to remedy the defects resulting from the failure of Gary Pools, Inc. to complete the
pool in a good and workmanlike manner unless the cost to remedy the defects
would be greatly in excess of the loss in value of the swimming pool as a result of
the defects, in which case answer in dollars and cents, if any, for the loss in value
of the swimming pool as a result of the defects.



 Gary Pools argues that the charge authorized the jury to award repair costs or
diminution in value but not replacement costs. Gary Pools contends that the jury awarded the
replacement cost of the pool and therefore used an improper measure of damages. Replacement
cost, urges Gary Pools, is the correct measure of damages only where the property in question
is without market value. In arguing that repair cost was the correct measure of damages, Gary
Pools relies on testimony that the pool did have value and could be repaired.

 Generally speaking, in a breach of contract case, the correct measure of damages
is the "benefit of the bargain," a measure that allows for the recovery of the difference between
the value as represented and the value as received. See Leyendecker & Assoc. v. Wechter, 683
S.W.2d 369, 373 (Tex. 1984). The cost of repair, added to the existing value, can result in the
bargained-for value and thus compensate the injured party. See, e.g., D.S.A., Inc. v. Hillsboro
Indep. Sch. Dist., 973 S.W.2d 662, 664 (Tex. 1998). However, where the property has neither
a market value nor a real value, but it is shown what it would cost to replace or reproduce the
article, then such cost is the appropriate measure of recovery. See Rosenfeld v. White, 267
S.W.2d 596, 599 (Tex. Civ. App.--Dallas 1954, writ ref'd n.r.e.).

 The record contains conflicting evidence regarding the real value, if any, of the
pool. McCaffety testified she thought the pool had a value of $10,000. Carl Henry, a local pool-builder, testified that the pool was irreparable and that the only way to give McCaffety the pool
she had contracted for was to remove the pool and build another at a cost of between $35,000 and
$36,000. Other witnesses testified that the existing pool could be repaired at a cost of between
$3,000 and $7,000. The jury's award indicates that they accepted Henry's testimony, found that
the pool had no value, and consequently determined that the only way to remedy the defects
caused by Gary Pools' breach, as directed by the charge, was to award replacement costs. An
appellate court cannot pass upon the witnesses' credibility or substitute its judgment for that of
the trier of fact, even if there is conflicting evidence that would support a different conclusion. 
See City of Austin v. Houston Lighting & Power Co., 844 S.W.2d 773, 796-97 (Tex. App.--Dallas
1992, writ denied). As noted, it is within the jury's province to determine the witnesses'
credibility and the weight of the evidence. The jury also has the discretion to award damages
within the range of evidence presented at trial, so long as a rational basis exists for its calculation. 
See Mayberry v. Texas Dep't of Agric., 948 S.W.2d 312, 317 (Tex App.--Austin 1997, writ
denied). The record contains more than a scintilla of evidence supporting the jury's damage
award, which is not so against the overwhelming weight of the evidence as to be clearly wrong
and unjust. We overrule Gary Pools' second point of error.


CONCLUSION

 Having determined that the trial court did not abuse its discretion in charging the
jury and that there is both legally and factually sufficient evidence to support the jury's findings,
we affirm the trial court's judgment.



 
 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: March 23, 2000

Do Not Publish
1. The seven possible causes enumerated by Nelson were as follows:


1. Improper mix of the gunite (the concrete-like substance lining the pool);

2. Improper mix of the plaster covering the gunite;

3. Excessive chlorine in the gunite;

4. Improper placement of the plaster;

5. Improper placement of the steel that made up the shell of the pool;

6. Improper placement of the steel in relation to the gunite; and

7. Failure to build the pool according to plans. 



l as a result of the defects.



 Gary Pools argues that the charge authorized the jury to award repair costs or
diminution in value but not replacement costs. Gary Pools contends that the jury awarded the
replacement cost of the pool and therefore used an improper measure of damages. Replacement
cost, urges Gary Pools, is the correct measure of damages only where the property in question
is without market value. In arguing that repair cost was the correct measure of damages, Gary
Pools relies on testimony that the pool did have value and could be repaired.

 Generally speaking, in a breach of contract case, the correct measure of damages
is the "benefit of the bargain," a measure that allows for the recovery of the difference between
the value as represented and the value as received. See Leyendecker & Assoc. v. Wechter, 683
S.W.2d 369, 373 (Tex. 1984). The cost of repair, added to the existing value, can result in the
bargained-for value and thus compensate the injured party. See, e.g., D.S.A., Inc. v. Hillsboro
Indep. Sch. Dist., 973 S.W.2d 662, 664 (Tex. 1998). However, where the property has neither
a market value nor a real value, but it is shown what it would cost to replace or reproduce the
article, then such cost is the appropriate measure of recovery. See Rosenfeld v. White, 267
S.W.2d 596, 599 (Tex. Civ. App.--Dallas 1954, writ ref'd n.r.e.).

 The record contains conflicting