Affirmed in Part and Reversed and
Remanded in Part and
Memorandum Opinion filed June 21, 2005.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00604-CV

____________

 

MARGARET T. BROWNE, Appellant

 

V.

 

KROGER COMPANY, Appellee

 



 

On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 03-17592

 



 

M E M O R A N D U M   O P I N I O N

Appellant Margaret T. Browne filed suit
against her employer, Kroger Company, seeking damages for a neck injury she
alleges resulted from Kroger’s negligence in requiring her to perform certain
tasks even though she informed Kroger that performing the tasks might injure
her.  The trial court granted Kroger’s
motion for summary judgment, disposing of Browne’s claims against it.  We reverse the summary judgment as to
Browne’s claim that Kroger was negligent and remand the case for further
proceedings below on this issue, and we affirm the summary judgment as to
Browne’s premises liability claim. 








I.        Background

In April of 2001, Browne was working at a
Kroger store as a cashier or customer service representative.  As Browne performed tasks in preparation for
the store’s “grand reopening,” her neck “popped.”  She later sued Kroger, a nonsubscriber to
worker’s compensation, alleging that she suffered bodily injuries as a direct
result of the tasks performed.  Browne
also alleged her injuries were proximately caused by a dangerous condition,
which she described as Kroger’s “failure to use ordinary care in the removal of
debris created by extensive remodeling of the building.”

Kroger moved for summary judgment,
contending that Browne could not establish (1) any negligent act or omission by
Kroger, or (2) any unreasonably dangerous condition of which Kroger had notice
to support a premises liability claim. 
Kroger’s motion was based on a “Supervisor’s Report of Accident”
completed by a Kroger manager, Greg Clemmer, and an “Associate’s Report of
Accident” completed by Browne.  In the
associate’s report, Browne stated that she was cleaning the store with a
sponge, which she had been trained to use, for the re-opening day when her
“neck popped.”  She also stated “I don’t
know why it popped” and no one saw it. 
Browne also indicated that her neck had been injured seven years earlier
when a horse threw her, and she was not receiving treatment for that injury at
the time of this injury.








In response to Kroger’s motion for summary
judgment, Browne offered an affidavit detailing the circumstances of her
injury.  In this affidavit, Browne stated
that, on May 3, 2001, Greg Clemmer asked her to perform numerous tasks related
to the Kroger store’s “Grand Reopening,” including scrubbing doors, cinder
block walls, sheet rocked walls, and display cabinets, and moving end caps and
merchandise.  She stated that, as a
checker or customer service representative, she normally performed none of
these tasks, and she told Clemmer that manual labor was too strenuous and not
good for her neck; she also pointed out that she previously had surgery on her
neck.  Describing how she was injured,
Browne stated that, after several hours of this work, while she was “‘bullying’
the end cap of one of the wine displays,” she heard her neck pop.  Two hours later, Browne felt like her neck
“was on fire” and she felt a lump the size of her thumb protruding from the
back of her neck.  Browne stated that,
although she repeatedly told Clemmer and another employee that her neck was
hurting greatly, she was required to continue working that day and the next
day, until she demanded to see a doctor. 
Before she was allowed to see the doctor, she was required to fill out
the accident report.

The trial court granted Kroger’s motion
for summary judgment, and this appeal followed.

II.       Analysis 

On appeal, Browne contends that her affidavit created genuine
issues of material fact and that Kroger failed to negate any elements of her
negligence claim, precluding summary judgment in Kroger’s favor.  Kroger responds that its summary judgment
evidence, based on Browne’s own version of events, demonstrated no actionable
negligence as a matter of law.  Moreover,
Kroger contends that Browne’s affidavit should be disregarded because it is a
sham affidavit, and even if it is considered, it is conclusory and contains no
evidence that Kroger failed to provide Browne with a safe workplace or that any
premises defect was implicated in her accident. 
As explained below, we reverse and remand the summary judgment as to
Browne’s negligence claim and affirm as to Browne’s premises liability claim.

A.      Standard
of Review








Kroger sought summary judgment under Texas Rule of Civil
Procedure 166a(c).  Therefore, Kroger
bears the burden to show that no genuine issue of material fact exists and that
it is entitled to judgment as a matter of law. 
See Tex. R. Civ. P. 166a(c);
Rhone‑Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex.
1999).  When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference in the nonmovant’s favor.  See Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).  When,
as here, the trial court’s order does not specify the grounds for its summary
judgment, we must affirm the summary judgment if any of the theories presented
to the trial court and preserved for appellate review are meritorious.  Cincinnati Life Ins. Co. v. Cates, 927
S.W.2d 623, 626 (Tex. 1996). 

B.      Browne’s
Negligence Claim

We first analyze Kroger’s contention in its summary judgment
motion that Browne could not establish any negligent act or omission on its part.

1.       The
Employer’s Duty to Provide a Safe Workplace

Because Kroger is a nonsubscriber to workers’ compensation,
for Browne to recover, she must establish that Kroger was negligent.  See Werner v. Colwell, 909 S.W.2d 866,
868 (Tex. 1995); see also Tex.
Lab. Code § 406.033(d).  To
establish negligence, Browne must produce evidence to establish (1) a duty, (2)
a breach of that duty, and (3) damages proximately caused by the breach.  Werner, 909 S.W.2d at 869.

Although it is not an insurer of its employees’ safety,
Kroger owes a duty of ordinary care to provide a safe workplace for its
employees.  See id.  Determining whether an employer breached its
duty to provide a safe workplace is necessarily fact specific.  See Great Atlantic & Pac. Tea Co. v.
Evans, 142 Tex. 1, 175 S.W.2d 249, 251 (1943).  A plaintiff must offer evidence that the task
involved was unusual or that it posed a threat of injury, see Werner,
909 S.W.2d at 869, and the injury must be reasonably foreseeable in the context
of the work being performed.  See
Kroger Co. v. Keng, 976 S.W.2d 882, 885 (Tex. App.—Tyler 1998), aff’d,
23 S.W.3d 347 (Tex. 2000).  When there is
reason to anticipate from the work to be performed and the manner of
performance that injury may result to an employee, the employer must exercise
ordinary care to prevent injury.  Id.
at 887.  The mere fact that an accident
happened and injury occurred is insufficient to establish negligence.  McClish v. R.C. Young Feed & Seed Co.,
225 S.W.2d 910, 912–13 (Tex. Civ. App.—Amarillo 1949, writ ref’d). 








2.       Application
of Law to Facts

a.       Kroger’s
contention that Browne’s affidavit is a sham affidavit

As a threshold issue, Kroger maintains that Browne’s version
of the incident contained in her affidavit materially contradicts that
described in her accident report. 
Without an explanation for the contradictions, Kroger maintains, the
affidavit is a sham affidavit—filed only to defeat summary judgment—and so
should be disregarded.  See Blan v.
Ali, 7 S.W.3d 741, 746 n.3 (Tex. App.—Houston [14th Dist.] 1999, no pet.)
(recognizing that a trial court is precluded from considering an affidavit that
contradicts deposition testimony without an explanation for the change in
testimony); Farroux v. Denny’s Restaurants, Inc., 962 S.W.2d 108, 111
(Tex. App.—Houston [1st Dist.] 1997, no pet.) (holding that a party cannot file
an affidavit to contradict his own deposition testimony, without explanation,
for the purpose of creating a fact issue to avoid summary judgment).

However, the record does not show that Kroger objected to the
affidavit on this basis below.  Absent a
timely objection and a ruling from the trial court, the complaint that a
summary judgment affidavit is a sham is waived for purposes of appellate
review.  See Tex. R. App. P. 33.1; Bexar County
v. Lopez, 94 S.W.3d 711, 715 (Tex. App.—San Antonio 2002, no pet.).  Therefore, we will consider Browne’s
affidavit.

b.       The
allegations in Browne’s affidavit

In its motion for summary judgment, Kroger contended Browne
could not prove actionable negligence because her own statement showed that her
neck popped for no known reason.[1]  On appeal, Kroger further contends that
Browne’s affidavit, filed in response to its motion for summary judgment, is
conclusory and raises no genuine issue of material fact.








To be competent summary judgment evidence, an affidavit must
be based on personal knowledge, set forth facts admissible in evidence, and
affirmatively show the affiant’s competency to testify as to the matters stated
therein.  Tex. R. Civ. P. 166a(f). 
Affidavits containing conclusory statements unsupported by facts are not
competent summary judgment evidence.  Skelton
v. Comm’n for Lawyer Discipline, 56 S.W.3d 687, 692 (Tex. App.—Houston
[14th Dist.] 2001, no pet.).  An
objection that an affidavit is conclusory is an objection to the substance of
the affidavit that may be raised for the first time on appeal. Hou‑Tex,
Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th
Dist.] 2000, no pet.). 

Kroger mainly contends that Browne’s description of the
incident is conclusory because it contains no supporting facts to explain what
“bullying” an end cap means, and therefore fails to raise a fact issue.  We disagree that the affidavit is
conclusory.  In summary, Browne stated
that, in preparation for the Kroger store’s grand reopening, she was asked to
perform various tasks that were not normally a part of her job as a checker or
customer service representative.  She informed
a Kroger manager that manual labor was too strenuous and not good for her
neck.  After several hours of this work,
while she was “bullying” the end cap of one of the wine displays, she heard her
neck “pop,” and later suffered pain and swelling in her neck for which she
demanded to see a doctor. 

Indulging all reasonable inferences in favor of Browne, these
statements are sufficient to raise a fact issue concerning whether Kroger
breached its duty of care to Browne. 
Kroger emphasizes that, in her affidavit, Browne does not explain what
“bullying” an end cap means, and only in her appellate brief did she suggest it
means “forcing.”  However, merely because
an expression may not be familiar to Kroger does not mean that it is
unreasonable to infer that it means something akin to “forcing.”  Moreover, Browne stated that “moving end caps
and merchandise” was part of the manual labor she was asked to perform despite
having informed her manager that such tasks could cause injury to her.  Kroger also complains that Browne offers no
facts to distinguish her regular duties from the duties she was asked to
perform in preparation for the reopening of the store.  It is sufficient, however, that Browne stated
that the duties she was asked to perform, including the one that caused her
injury, were not normally part of her job as a checker or customer service
representative.  








We hold that Browne’s affidavit raises a genuine issue of
material fact concerning whether Kroger was negligent.  Therefore, summary judgment as to this claim
is reversed and remanded to the trial court. 

C.      Browne’s
Premises Liability Claim

The second basis for Kroger’s summary judgment motion was
that Browne could not establish that Kroger had notice of any unreasonably
dangerous condition on its premises as required to support a premises liability
claim.  We agree that Browne failed to
raise a fact issue on this claim.

To recover on a premises liability theory, a plaintiff must
prove that (1) the owner had actual or constructive knowledge of a condition on
the premises, (2) the condition posed an unreasonable risk of harm, (3) the
owner did not exercise reasonable care to reduce or eliminate the risk, and (4)
the owner’s failure to use such care proximately caused the plaintiff’s injury.
 CMH Homes, Inc. v. Daenen, 15
S.W.3d 97, 99 (Tex. 2000).  An owner or
occupier is not deemed an insurer of injuries to its invitees.  Id. at 101.  Instead, an owner or occupier owes a duty to
guard against dangerous conditions on the land that create an unreasonable risk
of harm which it knew, or by the exercise of reasonable care, would have
discovered.  Id.

In response to Kroger’s summary judgment  motion, Browne asserted only that Kroger
placed her in an unreasonably dangerous condition by requiring her to perform
the manual labor.  However, this
allegation does not satisfy the elements of proof to maintain a premises defect
claim.  Moreover, nothing in Browne’s affidavit
raises a fact issue concerning whether Kroger had knowledge of any dangerous
condition on the premises, and she does not address the issue on appeal.  Therefore, we hold that Kroger was entitled
to summary judgment to the extent Browne alleged a premises defect claim.  

 

 








III.      Conclusion

We affirm the trial court’s summary judgment as to Browne’s
premises defect claim.  We reverse the
summary judgment as to Browne’s negligence claim and remand this claim for
further proceedings consistent with this opinion.

 

 

 

 

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Memorandum Opinion filed June 21, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Frost.











[1]  Kroger sought
summary judgment only on the element of breach of duty; it did not move for
summary judgment on the element of proximate cause.